. GEORGE KENNEDY *v.* MARY R. KENNEDY.

RECORDS OF COURT. *Duty of clerk.* The clerk is the legal custodian of the records of his court, and should preserve them intact; and if in fact the record has been altered improperly in any respect, his duty is to certify the record as it originally existed, ignoring the change.

### FROM HENRY.

Appeal in error from the Circuit Court of Henry county. C. ADEN, J.

COLE & SWEENEY and R. K. WARD for plaintiff.

—— —— for defendant.

COOPER, J., delivered the opinion of the court.

The transcript of the record originally filed in this case included a bill of exceptions which did not show that it contained all the evidence. The clerk of the court, who made out and certified the transcript, embodied therein a statement that the bill of exceptions on file in his office did have at the end of it the usual formula, "this was all the evidence in the cause," but that these words had been put there by the judge of the court after the adjournment of the term at which the suit was tried. Upon an oral suggestion of diminution made by the defendant's counsel, the usual general order for a more perfect record was made. In response to this order, the clerk has sent

up the bill of exceptions with the above clause inserted at the end.

The clerk is the legal custodian of the records of his court, whose duty is to preserve them if possible from all alteration or addition. If in fact they have been changed in any respect improperly, his duty is to certify the record as it originally existed, ignoring the changes. The power of the judge over the record ceases upon the adjournment of the term, and he has no more authority than any third person to make any alteration or addition. He cannot even sign a bill of exceptions after the adjournment of the term, although the signature may have been inadvertently omitted: *Jones* v. *Burch*, 3 Lea, 747. If, therefore, the clause in question was added after the adjournment of the term, the clerk acted properly in omitting it, and his first transcript was correct.

In view of the facts, and that the clerk may have been misled by the general order made upon the suggestion of diminution, we think that between the two records sent up, the first transcript should be taken at present as the true record, but with leave to the counsel of the appellant to renew his suggestion of diminution upon satisfying us that he has good ground for insisting that the clause in controversy was a part of the record at the adjournment of the trial term. An order to this effect will be entered on the minutes, and a copy of it sent to the appellant's counsel by mail.