LAWRENCE HOLLAND, PLAINTIFF IN ERROR, V. COM-
MERCIAL BANK, OF WEEPING WATER, NEBRASKA,
JOHN HOLLAND, AND MARTIN HOLLAND, DEFEND-
ANTS IN ERROR.

1.  Parties: RIGHTS OF INTERVENOR.    Defendant in error bank
commenced its action in the district court of Saline county
against defendants in error Holland, upon a promissory note, ex-
ecuted by said Hollands to plaintiff in error, and by him alleged
to have been endorsed to the bank.  Plaintiff in error appeared
and presented his answer, by which he denied the ownership of
the notes by the bank, and alleged that he was the owner thereof
and entitled to the proceeds of any judgment rendered thereon.
He also filed his application to be admitted as a party to the
action.  The application was refused, and he was not permitted
to file his answer.  *Held*, Error.

2.  Plea in Abatement: WAIVER OF ERROR.    At that time an
action was pending in the district court of Cass county, insti-
tuted against him by defendant bank.    After having been
denied the right to intervene in the case pending in Saline
county, he filed his answer in the district court of Cass county,
in the cause therein pending, wherein he charged the bank with
the conversion of the note upon which the suit had been brought
in Saline county, and demanded judgment for the amount there-
of, and which action is now pending.  *Held*, A waiver of the
error of the district court of Saline county, and an abandonment
of his right to prosecute error thereon in the supreme court.

ERROR to the district court for Saline county.  Tried
below before MORRIS, J.

*J. H. Haldeman,* for plaintiff in error, cited : Code, Sec.
41.  *Harman v. Barhydt,* 20 Neb., 630.  Pomeroy Rem-
edies, Secs. 425, 429, 430.

*H. D. Travis,* for defendant in error.

REESE, J.

On the 12th day of February, 1887, defendant bank
commenced its action in the district court of Saline county

against John Holland and Martin Holland, upon a promissory note for $1,257.20 made by said John and Martin Holland to Lawrence Holland, and which said note it was alleged had been endorsed to the bank by Lawrence Holland.

John Holland and Martin Holland filed an answer denying the indebtedness and denying that the bank was the owner of the note.

Lawrence Holland, plaintiff in error here, made application to the court to be made a party to the action, and alleged that he was then the owner of the note, entitled to the proceeds thereof, and that the bank had no interest therein. The application to be made a party defendant was overruled, and he now prosecutes error thereon to this court. Pending the proceedings in error here, defendant in error bank filed an answer to the petition in error, in the form of a plea in abatement, by which it is made to appear that after the ruling of the district court upon the application of plaintiff in error, he had appeared in the district court of Cass county, wherein an action was pending against him by defendant bank, and by leave of court filed his answer alleging his ownership of the note in question and the conversion thereof by the bank, by which he was damaged the full amount of the principal and interest thereon.

The question then presented is, was the filing of his answer in the district court of Cass county, setting up the conversion of the note in question and demanding judgment for the amount thereof, an abandonment of his proceedings in error here? Under the circumstances plaintiff evidently had the right to select his own forum in which to litigate the question of his ownership of the note. He had the right to intervene in the case pending in Saline county and assert his title to the property and his right to the proceeds. This right is clearly given under sections 41 and 50a of the civil code. Or he had the right at his option to charge the bank with conversion of the note by way of answer in

the suit pending in the district court of Cass county. He chose the former forum, and should have been permitted to intervene. The decision of the district court, refusing him the right so to do, was erroneous; but, for reasons no doubt entirely satisfactory to himself, he then elected to present and file his answer in the case pending in the district court of Cass county, wherein the bank was plaintiff, and he was defendant. The issue thus presented being now pending in that court, he clearly would not be entitled to both remedies.

Neither would he be permitted to maintain both defences at the same time. He must, therefore, be taken to have waived the error of the district court of Saline county, and to have abandoned his claims there presented, as well as his proceeding in error in this court.

It follows that the petition in error must be dismissed, which is done.

JUDGMENT ACCORDINGLY.

THE other judges concur.