·ELIZABETH J. McCONNIFF, APPELLEE, v. ALICE E. VAN
   DUSEN ET AL., DEFENDANTS, AND PRATT, SIMMONS
   & KRAUSNICK, APPELLANTS.

FILED DECEMBER 8, 1898.   No. 8491

1. **Intervention**: TITLE TO PROPERTY.  A person claiming ownership
   of property in litigation may, at any time before trial, become a
   party to the action by intervention, and have his claim adjudi-
   cated.

2. **Erroneous Judgment**: REVERSAL.  A judgment based on an imma-
   terial fact or an erroneous construction of a pleading will be re-
   versed, unless the correctness of such judgment is otherwise af-
   firmatively shown.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J.  *Reversed*.

*Harwood, Ames & Pettis,* for appellants.

*A. G. Greenlee, contra.*

SULLIVAN, J.·

Elizabeth J. McConniff brought this action in the dis-
trict court of Lancaster county to foreclose a chattel
mortgage made and delivered to her by Alice E. Van
Dusen and R. J. Brydon.  At the instance of the plaintiff,
a receiver was appointed and the mortgaged property,
which consisted of a stock of millinery goods, was taken
from the possession of the mortgagors and sold at public
auction under the direction of the court.  Mrs. McConniff
became the purchaser.  Before the commencement of the
trial the appellants Pratt, Simmons & Krausnick be-
came a party to the action by intervention.  They allege
in their petition, with much elaboration, that they are
the owners of a portion of the property in controversy;
that the mortgagors purchased and obtained possession
of the same by false representations touching their finan-
cial responsibility; that the sale was seasonably re-

8

scinded; that the plaintiff is not a *bona fide* purchaser, nor possessed, by virtue of her mortgage or otherwise, of any valid and enforceable claim, lien, right, or title. In due time issues were joined and a trial had, which resulted in a decree dismissing the interveners' petition. They appeal and bring before us for review the pleadings, motions, interlocutory orders, and final judgment. A bill of exceptions attached to the record was, for sufficient reason, quashed at a former term. The portion of the decree disposing of the claim of Pratt, Simmons & Krausnick is as follows: "This cause having been heretofore submitted to the court upon the evidence adduced, now comes on for final determination, and after due consideration, and the court being fully advised in the premises, finds that the claim of the interveners, Pratt, Simmons & Krausnick, set forth in their answer and cross-petition herein, has not been reduced to judgment, and that there is no equity in said interveners' answer and cross-petition. The court, therefore, finds the issues joined in favor of the plaintiff and that the action of the said defendants Pratt, Simmons & Krausnick herein shall be, and the same hereby is, dismissed at their costs, taxed at $31.68, and for which execution is hereby awarded; to which the said defendants Pratt, Simmons & Krausnick duly excepted."

The writer was at first inclined to think that the court intended to base its finding of the issues on the evidence adduced at the trial; but, as the result of a closer examination and more careful analysis of the language contained in the journal entry, we are all agreed that the interveners were cast in their action because the trial court found their claim had not been reduced to judgment and that their petition was deficient in equity. These reasons are insufficient. They do not justify the conclusion or judgment. The property in question, or its proceeds, was in the custody of the court. The interveners claimed a portion of it adversely to the original parties to the action. They averred facts in their peti-

tion showing the superiority of their title over the claims of other litigants. They were entitled to intervene and to a judgment in their favor if they succeeded in establishing the material allegations of their pleading. (Code of Civil Procedure, sec. 50*a*; *Holland v. Commercial Bank*, 22 Neb. 585; *Welborn v. Eskey*, 25 Neb. 195.) We know of no reason why it was necessary that their claim should be in judgment in order to give them a standing in court. They were asserting title to the property, not prosecuting a creditor's bill. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.