STATE, EX REL. CHARLES L. BUGBEE, RELATOR, v.
EDWARD P. HOLMES, RESPONDENT.

FILED MARCH 21, 1900.  No. 11,016.

1. **Intervention:** CODE.  Under section 50a, Code of Civil Procedure,
any person who can, by proper averments, show that he has
an interest in the matter in litigation may, without leave of
court, become a party to the suit and obtain an adjudication
of his claim.

2. ———: UNSUCCESSFUL SUITOR.  An intervener against whom a
judgment has been rendered must be accorded the rights which,
under like circumstances, belong to any other unsuccessful
suitor.

3. **Corporation:** SHAREHOLDERS.  A corporation holds its property in
trust for its shareholders, who, like other beneficial owners,
may insist that it shall be properly managed and preserved
from waste.

4. ———: ———: RIGHT OF INTERVENTION.  Where the officers of a
corporation fail and refuse to protect and conserve the corpor-
ate property, the shareholders may intervene in pending suits
for the purpose of protecting their own interests.

ORIGINAL application for a writ of mandamus.  Re-
hearing of case found on page 503, 59 Nebr.  *Writ allowed.*

*Frank Irvine,* for relator:

There is no distinction between an order directing the

sale of real estate, and an order confirming such sale. *Kountze v. Erck*, 45 Nebr., 288.

No demand on corporate officers is necessary, where a demand would be useless.

A stockholder in a corporation may sue both at law and in equity in his own name in behalf of his interests and to vindicate a wrong done the corporation, when it can not or will not do so in its corporate capacity; and under like circumstances a stockholder may defend in his own name an action brought against the corporation. *Wilcox v. Bickel*, 11 Nebr., 154; *Fitzgerald v. Fitzgerald*, 41 Nebr., 374; *Morrill v. Little Falls Mfg. Co.*, 48 N. W. Rep. [Minn.], 1124; *Waymire v. San Francisco & S. M. R. Co.*, 44 Pac. Rep. [Cal.], 1086; *Park v. Petroleum Co.*, 25 W. Va., 108; *Park v. Oil Co.*, 26 W. Va., 486.

*Tibbets Bros., Morey & Anderson, contra:*

It is against public policy to allow party stockholders to intervene and complicate the action. *Farmers Loan & Trust Co. v. Kansas City, W. & N. W. R. Co.*, 53 Fed. Rep., 182, 186; Judge Caldwell's Address, St. Louis, 20th February, 1896.

SULLIVAN, J.

Earlier in the term there was a judgment denying an application for a mandamus. The opinion then filed contains a statement of the facts upon which it was held that the respondent, one of the judges of the third district, was right in refusing to fix the amount of a supersedeas bond. *State v. Holmes*, 59 Nebr., 503. At relator's instance, we have again examined the record, and have reached the conclusion that our former decision was unsound, and that the peremptory writ should have been granted. The petition of intervention and the motion resisting confirmation of the sale in question, taken together, show that Bugbee is a stockholder of the insolvent corporation; that the receiver, appointed at the

request and for the benefit of creditors, has dealt with the assets of the company in a reckless and improvident manner, and that, if his actions are permitted to go un-challenged, he will waste and dissipate a large amount of valuable property belonging to the bank. It likewise appears that the corporation is not represented in the suit; that if it has any officers who are competent to rep-resent it, they refuse to act, and that the rights of stock-holders are, therefore, unprotected.

The order of the court confirming the receiver's sale and disposing of the intervention is as follows: "This cause came on to be heard before the court on the motion of John E. Hill, receiver of the Lincoln Savings Bank and Safe-Deposit Company, for the confirmation of sale of assets of the said defendant bank in compliance with the order of the court, heretofore made, together with the objections filed thereto, and the motion of Charles L. Bugbee to set aside and vacate said sale, before Edward P. Holmes, judge of the district court, sitting at chambers, on the 10th day of October, 1899.

"The court finds that the said Charles L. Bugbee has no right or standing to be heard in said cause or to object to the sale of such assets of the said defendant bank, for the reason that he is not a party in the above entitled cause, nor has at any time heretofore, obtained leave of court, to enter his appearance therein, to be made a party thereto, or to intervene in said cause, for the purposes of objecting to any proceedings or to obtain any rights or benefits in such proceedings.

"The court further finds that said sale was in all re-spects regular, legal and equitable and that it is for the best interests of the trust represented by said receiver that said sale be confirmed.

"It is therefore considered, ordered and adjudged and decreed that said sale, in all respects be confirmed; that the objections thereto be overruled, and that the motion to set aside said sale be overruled. To all of which the said Bugbee excepts, and forty days from the rising of

the court allowed to reduce his exceptions to writing. The said Bugbee prays an appeal, and prays the court to fix a supersedeas bond superseding the order herein made confirming said sale. For the reasons above given the court refuses to fix a supersedeas bond. To which ruling the said Bugbee excepts."

This order seems to have been made on the theory that Bugbee had not yet become a party to the action, and that he might. be denied the right to intervene because he failed on the hearing to show facts which, in the opinion of the court, would entitle him to have the sale set aside. We think, however, that the intervention was effective, and that the relator was a party to the suit before the hearing was had. Under section 50a, Code of Civil Procedure, any person who has, or claims, an interest in the matter in litigation may become a party thereto and have his rights determined. This section does not contemplate intervention by leave of court. It gives, absolutely, to any person who can show by proper averments that he has an interest in the subject of the controversy, the right to become a party and to obtain an adjudication of his claims. The court has no authority to exclude from the case an intervener whose pleading discloses a direct interest in the matter of litigation; it must give judgment on the merits; it must decide in his favor or against him; and if against him, it must accord him the rights which belong to any other unsuccessful suitor.

The next question to be considered is whether the relator pleaded facts sufficient to show that he had an interest in the matter in litigation within the meaning of the statute. We think he did. As a stockholder he was entitled to have the corporate assets honestly and wisely administered. A corporation holds its property in trust for the shareholders, who, like any other beneficial owner, may insist that it shall be properly managed and preserved from waste. *Rabe v. Dunlap*, 51 N. J. Eq., 40; *Pearson v. Con-*

*cord Railroad Corporation*, 62 N. H., 537; *Fogg v. Blair*, 139 U. S., 118. This interest has been frequently held sufficient to justify, under proper circumstances, an intervention by a stockholder in jurisdictions where the right to intervene is not absolute. *Bronson v. La Crosse & M. R. Co.*, 2 Wall [U. S.], 283; *Morrill v. Little Falls Mfg. Co.*, 46 Minn., 260; *Waymire v. San Francisco & S. M. R. Co.*, 112 Cal., 646. Where the corporation can not, or will not, protect the interests of the stockholders, the latter may intervene for their own protection. The right has its foundation in necessity, and is given to prevent a failure of justice; for whatever is an injury to the corporation is, of course, an injury to the stockholders. But it is suggested by counsel for respondent that the receiver represents the corporation, and that he was in good faith executing his trust. The receivership was in the nature of an equitable execution; and, practically, the receiver represents the corporation no more than the sheriff represents the attachment defendant whose property he has seized. Besides, it appears from the petition of intervention and motion to vacate the sale that he has wasted, and is now wasting, the trust property. If this be true, it is time that some one else should take charge of the interests of the stockholders. If their rights are being sacrificed, it can make little difference to them whether the receiver's conduct is the result of bad judgment or bad motive.

The judgment heretofore rendered is set aside and the peremptory writ granted.

WRIT ALLOWED.