HARVEY SPALDING ET AL. V. ANDREW MURPHY ET AL.

FILED DECEMBER 18, 1901.   No. 10,725.

Commissioner's opinion, Department No. 3.

1. **Party in Interest:** INTERVENTION. Any person who can, by proper averments, show that he has an interest in the matter in litigation, may, without leave of court, become a party to the suit and obtain an adjudication of his rights.

2. **Confirmation:** OBJECTION: FACTS. On the facts disclosed, *held*, that the objections to the confirmation of a sale of real estate should have been sustained.

ERROR from the district court for Douglas county. Tried below before SCOTT, J.  *Reversed.*

*David Van Etten,* for plaintiffs in error.

*Smyth & Smith, contra.*

ALBERT, C.

In an action wherein Andrew Murphy was plaintiff and George M. O'Brien, Jr., defendant, a decree of foreclosure was entered, for the satisfaction of which the mortgaged premises were offered for sale by a special master. Thereupon Harvey Spalding and Isaac N. Hammond, the latter as the administrator of the estate of George M. O'Brien, Sr., whom we shall hereafter call "interveners." filed objections to the appraisement. The premises were offered

30

for sale, and the intervener Spalding, through another, was one of the bidders. His bid was not accepted, and the premises were struck off to another. He and his co-intervener then jointly and severally moved for the confirmation of the sale to Spalding on the ground that he was the highest bidder, or, failing in that, that the sale to the party to whom the premises were struck off be set aside. The court overruled their objections to the appraisement, and their motion for and against confirmation, and confirmed the sale to the highest bidder. From the order of confirmation the interveners jointly and severally prosecute error to this court.

Complaint is first made of the ruling of the trial court on the objections to the appraisement, but as the interveners joined in a motion for the confirmation of an alleged sale to one of them, based on the appraisement assailed, they are held to have waived all objections to such appraisement.

The remaining ground of complaint, is that the court erred in confirming the sale over the objections of the interveners. Their adversaries urge that the facts disclosed by their objections to the confirmation are not sufficient to entitle them to intervene, and therefore that they have no standing in court. But it sufficiently appears on the face of these objections and the exhibits therein referred to that the mortgage in suit was given by the defendant at a time when he held the property conveyed thereby in trust for George M. O'Brien, Sr., now deceased; that the intervener Spalding after the commencement of this action obtained a judgment against George M. O'Brien, Sr., which judgment afterward, in an action wherein said intervener was plaintiff and the defendant George O'Brien, Jr., and others were defendants, and during the pendency of the present action, was adjudged to be a lien on the premises in controversy. It also appears that George M. O'Brien died some time subsequent to the date of said judgment, and that the intervener Hammond is the administrator of his estate. These facts stand uncontradicted. Hence it

will be seen that the interveners were interested in secur-
ing the best price for the premises at the sale in question.
Whatever surplus, if any, should remain after the satis-
faction of all liens prior to theirs, would apply first in
satisfaction of Spalding's judgment, and the balance, if
any, would go to the estate of which Hammond is admin-
istrator. It has been held by this court that any person
who can by proper averments show that he has an interest
in the matter in litigation, may, without leave of court,
become a party to the suit and obtain an adjudication of
his claim. *State v. Holmes*, 60 Nebr., 39. We think the
interveners brought themselves within this rule. It is but
fair to the trial court, however, to say that it is only by
taking into account the exhibits referred to in their motion
that the interveners can be said to have brought themselves
within the rule. These exhibits are affidavits among the
files. We are by no means sure that, in the hurry of the
proceedings, they were ever brought to the attention of the
trial court.

The next question that arises is whether their objections
to the confirmation of the sale, in themselves, are sufficient.
Several objections are urged, but it will only be necessary
to notice one of them specifically. It is shown by affidavit
that the intervener Spaulding was the highest bidder at
the sale. His bid was made through his attorney, one of
the officers of the trial court. Before the sale was closed,
the attorney was asked whether he was prepared to make
the bid good. With some warmth, which we can not say
was wholly unjustifiable, in view of the uncontradicted
facts shown by the affidavit, he replied: "That is none of
your business; I expect to make my bid good according to
law, whatever it may be, as soon as the amount is ascer-
tained." His bid was rejected, for no reason, that we can
discover, save that appearing from the foregoing. It fur-
ther appears from the affidavits that the bids of his success-
ful competitor were not announced openly, but could be
ascertained only upon inquiry, and that throughout the
bidding the special master and such competitor were in

frequent whispered consultation. In view of these facts, with others of an equally sinister character, standing uncontradicted, there is grave reason to doubt the fairness and impartiality of the sale, and it should be set aside.

We recommend that the order confirming the sale be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of confirmation is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.