SIDNEY S. MONTGOMERY, APPELLEE, V. QUINTILLA M. DRESHER; DUNCAN M. VINSONHALER, INTERVENER, APPELLANT.

FILED OCTOBER 30, 1914. NO. 17,862.

Parties: INTERVENTION: DISMISSAL. Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, may become a party to such action, and when he has become a party thereto it is error for the court to dismiss his petition of intervention prior to the final determination of the action on the merits. Rev. St. 1913, secs. 7609, 7610.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Reversed.

Duncan M. Vinsonhaler, pro se.

McGilton, Gaines & Smith and William Baird & Sons, contra.

FAWCETT, J.

This is the action at law to which reference is made in Montgomery v. Dresher ante, p. 104. The only judgment entered in this action was one dismissing intervener's petition of intervention, with prejudice. The one question to be determined, then, is: Can such judgment be sustained? In the findings upon which the judgment is based the court finds that there is a fund of $2,500 in the hands of the clerk which has been paid in under garnishment proceedings as the money of defendant, and which is being held to abide the further order of the court; that the

amount of plaintiff's demand against the defendant is $2,047.54; that intervener had a lien upon the judgment of defendant against the garnishees who paid the fund into court, and that the attorney's lien had been filed before the garnishment proceedings were had. It is clear from these findings that intervener has an interest in the matter in litigation which he is entitled to have adjudicated in the final determination of the action. It was therefore error for the court to dismiss his petition of intervention. Other questions are discussed in briefs of counsel, but, as the judgment dismissing the petition of intervention is the only judgment which was entered, such discussion is beside the mark.

For the error indicated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.