IN RE ESTATE OF HENRY KELLER.

LOUIS KELLER, APPELLEE, v. STATE OF NEBRASKA, APPELLANT.

FILED APRIL 14, 1917.   No. 19234.

1. **Parties:** INTERVENTION. Since the amendment of 1887, appearing now as sections 7609-7611, Rev. St. 1913, any person claiming an interest in the subject-matter of an action may intervene at any time before trial, as a matter of right.

2. **Pleading:** INTERVENTION: STRIKING ANSWER. Pending the administration of the estate of one H. K., who died intestate, a petition was presented to the county court by one L. K., claiming to be a brother of decedent, praying that he be found and decreed to be

the sole heir. The state of Nebraska by answer and cross-petition denied the relationship and heirship, alleged that the intestate was without kindred or wife, and asked that the court decree that the estate should escheat. The court found that L. K. was not a brother and heir. On appeal to the district court a like petition and answer were filed. On motion of L. K. this answer was stricken from the files. *Held*, that, although the pleading was irregular in form, it alleged an interest of the state in the subject-matter of the litigation adverse to the petitioner, and it was error to strike it from the files.

3. **Appeal:** TIME OF ENTRY. After a new trial was granted, leave to file such pleading was again requested and denied. The petitioner had the verdict and judgment. *Held*, that an appeal brought within six months of the final judgment is in time.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Wlis E. Reed, Attorney General, Dexter T. Barrett* and *W. T. Thompson,* for appellant.

*J. E. Willits* and *J. W. James, contra.*

LETTON, J.

Henry Keller died intestate in 1904. An administrator of his estate was appointed and qualified. Pending the administration Louis Keller filed a petition in the county court, in which he alleged that he is a resident of Chicago; that he is the only brother of Henry Keller, deceased; that Henry Keller was never married, had no other brothers or sisters and no surviving father or mother. He prayed for a decree naming the petitioner as the sole heir at law.

The state of Nebraska filed an answer denying his heirship, and alleging that the property had escheated to the state. After a hearing the court found that Louis Keller was not the brother of the deceased. Louis Keller appealed to the district court and filed a like petition. Afterwards the state of Nebraska asked leave to file an answer, which was tendered, denying the petitioner's claim, and asking affirmative relief. Objections were filed by the petitioner, and leave was refused on June 24, 1914. Evidence was taken and the case argued and submitted. A verdict was re-

turned against the petitioner. He filed a motion for a new trial, which was sustained, the verdict set aside and a new trial granted. Afterwards the state, by the attorney general, moved the court to reinstate "the petition of intervention" and be allowed to defend against the claim of appellant. This request was denied. The record recites that on the second day of February, 1915, counsel for Louis Keller being present, "the court announces that John Snider, a reputable attorney and counselor at law of Hastings, Adams county, Nebraska, is present and will be permitted by the court to appear *amicus curiæ*, and to examine the jury on voir dire examination, and make statement of the case to the jury, and conduct cross-examination of the witnesses, and make argument and present his view of the evidence to the jury." Mr. Snider had previously appeared in the case for the state. The trial proceeded, evidence was taken, argument had, the jury were instructed and returned a verdict finding that Louis Keller is the brother and sole heir at law of Henry Keller, deceased. A motion for a new trial was filed by the state. Keller filed a motion to strike it from the files, which was sustained. The court found generally in favor of the petitioner, reversed the finding and judgment of the county court, directed the clerk to certify the proceedings and judgment to the county court, and ordered the county court to cause the estate to be finally settled and distributed in accordance with the judgment.

From this judgment the state appeals.

LETTON, J. (after stating the facts).

The state maintains that the court erred in striking its pleading from the files, that intervention is a statutory right in this state, and not a privilege to be granted or denied at the discretion of the trial court. Prior to 1887 no one not a party could take part in any pending action unless by leave of court. In 1887 an act was passed which now appears as sections 7609-7611, Rev. St. 1913. Under this statute we have held that persons claiming title to the

In re Estate of Keller.

subject-matter may intervene at any time before trial (*Mc-Conniff v. VanDusen*, 57 Neb. 49; *State v. Holmes*, 60 Neb. 39), and that one may become a party to the suit without leave of court (*Spalding v. Murphy*, 63 Neb. 401). The first four paragraphs of the pleading sought to be filed by the state consist of an answer to the petition; the fifth paragraph, however, is an affirmative plea that Henry Keller died intestate without kindred or wife, and the prayer is that the court so find and should decree that the estate should escheat to the state of Nebraska. This pleading, although irregular in form and not strictly in conformity with the statute, alleged an interest of the state in the subject-matter of the proceeding adverse to the petitioner, raised a proper issue to be tried, and it was error to strike it from the files.

Appellee contends that since the state did not appeal from the order of June 24, 1914, denying it the right to file its pleading, the matter became *res judicata*, and since this appeal was not taken within six months from that time this court has no jurisdiction to consider this point. But the verdict in the first trial was against the petitioner and in line with the state's contention, and hence there was no reason for it to appeal. It was only after a retrial had been ordered and the subsequent application to file the answer had been denied that the state's interests were prejudicially affected and it had anything to appeal from. This appeal was taken within six months from the final judgment, and vests this court with jurisdiction.

The petition does not allege of what the estate of deceased consisted, nor that after the debts and expenses of administration are paid there will be anything left for distribution. In this respect it is probably subject to a demurrer, but since no attack was made upon it, and it was stated at the argument that the administrator has in his hands personal property, the distribution of which will be governed by the decision, we will assume it states a cause of action. It is essential to a due performance of the duties of the administrator that the court ascertain and de-

termine to whom such property belongs, since without a decree finding to whom it shall be distributed he will act at his peril. So far as now appears the property belongs either to the petitioner or to the state of Nebraska, and this issue should be determined upon proper pleadings and evidence in a proceeding to which each claimant is a party. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.

HAMER, J., not sitting.