CENTRAL STATE BANK, Trustee, Appellee, v. JOHN A. BENSON et al., Appellees; O. P. HERRICK et al., Appellants.

No. 40150.

MARCH 18, 1930.

*C. E. Hunn* and *H. S. Hunn,* for appellants.

*Dunshee & Brody,* for plaintiff and interveners, appellees.

*Ben J. Gibson, Stipp, Perry, Bannister, Starzinger & Little,* and *Lappen & Carlson,* for other appellees.

DE GRAFF, J.—The defendant-appellants, O. P. Herrick and wife, in their answer admit that, on the first day of September, 1923, the defendant co-appellees John A. Benson and W. C. Jaeger executed certain bonds, of the par value, respectively, of $500, and at the same time executed a trust deed to the Central Trust Company of Des Moines, as security for said indebtedness. It is further admitted by the appellants that the bonds had matured; that eight of them had been paid; and that there were due and unpaid bonds in the aggregate of $16,000. This is the amount involved in this action.

The only parties who defended in this cause were: (1) the present holders of·the legal title of the mortgaged real estate (O. P. Herrick and wife), and (2) the makers of the bonds and the deed executed to Herrick. He alone appeals.

On February 25, 1929, this cause was called for trial. There were offered in evidence the trust deed and the assignment of the trust deed, with the powers incidental thereto. The assignment purported to have the consent of the majority in par value of the bondholders, and also the consent of the defendant Herrick, to the assignment, which recognized the resignation of the Central Trust Company as trustee, and provided that the plaintiff, Central State Bank of Des Moines, should act as trustee, in lieu of the Central Trust Company, trustee. By this instrument, executed by Herrick, as owner of the building and leasehold interest on the said real estate, he conferred upon the Central State Bank of Des Moines, as trustee, all of the right, title, interests, and powers theretofore vested in the Central Trust Company of Des Moines under the said trust deed. This instrument was dated December 9, 1926. The Central State Bank, as trustee, accepted in writing its trusteeship, and consented to act as the new trustee.

The real objection offered by the defendant Herrick upon the trial of this case is to the effect that the plaintiff-trustee had not shown itself to be the holder and owner of these bonds, and consequently is not the real party in interest. There is no merit in this contention. It appears that the Central Trust Company of Des Moines at the time in question was a banking institution. It became insolvent while it was acting as trustee under the trust deed in suit. The state superintendent of banking, L. A. Andrew, by virtue of the statute, became the receiver,

upon the insolvency of the Central Trust Company, and consequently all assets of said bank passed to the said receiver. It may be observed that the assets of the Central Trust Company, as trustee, under the trust deed in question, did not constitute assets that became subject to the payment of the general creditors of the bank; and, in order to avoid confusion in the administration of the Central Trust Company as an insolvent bank, the Central Trust Company, as trustee, did, on November 29, 1926, through its vice president and secretary, resign its office as trustee under the trust deed, and did obtain the consent of the Central State Bank of Des Moines to act as trustee, and thereupon sold and assigned to the Central State Bank, as trustee, all of its right, title, and interest to the real estate and all of the rights which it might have under the trust deed. An instrument in writing was signed and duly acknowledged, which purported to show the consent of a majority in par value of the bondholders to the transfer of the trust and the assignment of all rights, title, interest, and powers of the Central Trust Company, under the trust deed, to the Central State Bank of Des Moines. This instrument bore date November 30, 1926, and purported to be signed by J. B. Lichty, the owner of the par value of the bonds in value $10,000. This represented a majority in value of the bonds then outstanding. The trust deed, by its terms, provided for the appointment of a successor to the trustee named in the deed, providing that the appointment of a successor "shall be in writing, signed by the said bondholders representing a majority in value of the bonds outstanding." During the cross-examination of Mr. Lichty it developed that he individually was the owner of bonds to the extent of $6,000 only, and that the remainder of said bonds were owned by the Lichty family. In other words, he represented his sisters in this matter, who had given him power to manage their affairs. By reason of the fact that, when he signed the instrument heretofore mentioned, he was not the absolute owner of the majority in value of the bonds, although the appellant Herrick had consented in writing to the change of trustee, all the bondholders filed a petition of intervention, in which they joined in a prayer asking the approval and ratification of the appointment of the said Central State Bank as trustee; that the court confirm the Central State Bank as their trustee; and that the said Central

State Bank, as trustee, should act further in the foreclosure proceeding.

The objection of the appellant Herrick to this proceeding came too late, as he had already estopped himself by giving his unqualified written consent to the change of trustees. It is obvious that the appellant Herrick had no such interest, as a grantee of the real estate, subject to the mortgage deed, as would entitle him to find fault with the method adopted by the bondholders to secure a change of trustee. The intervention of the bondholders precluded the appellant from making further objection. Furthermore, parties to a legal proceeding must take notice of a petition of intervention. *Massachusetts Bond. & Ins. Co. v. Novotny*, 200 Iowa 227. The bondholders were *cestuis que trustent*, and a court of equity has power to protect their interests. A court of equity will not allow the trust to fail, under such circumstances, for want of a trustee, and will exercise such powers as necessary to guard their interests. These *cestuis* could compel the trustee to act, and might, had they seen fit, through an attorney in fact, or through a committee of bondholders appointed by the majority of the par value bondholders, have commenced this action in the first instance. There is no equity in the demand made by the appellant, and if this demand had been granted, it would merely cause delay, and accomplish no equitable result.

The decree of the trial court is—*Affirmed*.

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.