DOROTHY SCOTT v. B. C. VAN SANT.
MARIA P. RICHMOND, INTERVENER.[1]

February 15, 1935.

No. 30,086.

[1]Reported in 258 N. W. 817.

466

*B. H. Bowler*, for appellant.

*O. J. Grathwol*, for respondent.

I. M. OLSEN, JUSTICE.

The plaintiff appeals from an order of the district court denying her motion to set aside a judgment and proceedings in the case and permit plaintiff to interpose an answer to the intervener's complaint. Plaintiff brought action against the defendant, B. C. Van Sant, seeking to recover a small amount of rentals and a sum for the value of the use of certain property in Hennepin county of which plaintiff claims to be the owner. The intervener, Maria P. Richmond, served a complaint in intervention, claiming to be the owner in fee by registered title of the property in question during

the time that plaintiff sought to recover for use and occupation, and prayed for the judgment of the court that plaintiff has no right, title, or interest in the premises or to the rents or profits thereof during any of the times mentioned in the complaint, and for dismissal of plaintiff's cause of action. The plaintiff failed to answer the complaint in intervention, and thereupon the intervener presented the matter to the court as on default, and, upon the evidence presented by the intervener, the court found and concluded that the plaintiff had no right, title, or interest in and to the real property in question and was not entitled to any rents therefrom from the defendant. Judgment was so entered on November 8, 1933.

Plaintiff, on January 23, 1934, made a motion to set aside the judgment and the proceedings had in the case on the ground that the court had no jurisdiction of the parties or the subject matter. The motion was denied by the court. Thereafter, on February 28, 1934, plaintiff presented to the court a second motion for the same relief, but with an additional motion to have the judgment in the case set aside and for leave to serve and file an answer to the intervener's complaint. From the denial of these last mentioned motions this appeal is taken.

One claim here presented is that the court was without jurisdiction to make the findings and order and enter the judgment for the intervener in the case. This claim is based on the fact that the complaint in intervention was served only on plaintiff's attorney, who had appeared for and represented plaintiff in the action, and was not served on the plaintiff herself.

We think the trial court correctly held that under our statute a complaint in intervention may be served on the attorney for the plaintiff and need not be served on the parties. It does not appear that any Minnesota case has directly passed upon the question. The statute, 2 Mason Minn. St. 1927, § 9263, simply provides that the complaint may be served in a pending action. Of course the ordinary way of serving pleadings in a pending action is by serving on the attorney of the party. Neither does § 9239 nor § 9240 of the statute seem to indicate that in a pending action it is necessary

to serve a pleading on the party where service is made on the party's attorney.

■ The question is raised as to the sufficiency of the complaint in intervention to show any right of the intervener in the premises. The court was right in holding that the complaint, liberally construed, showed a right in the intervener to the possession and rents of the premises in question.

■ It is not necessary under our statutes to apply to the court for leave to intervene. If a party brings himself within the terms of statutes, he has an absolute right to intervene. Bennett v. Whitcomb, 25 Minn. 148; State ex rel. Bugbee v. Holmes, 60 Neb. 39, 82 N. W. 109; Spalding v. Murphy, 63 Neb. 401, 88 N. W. 489; 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1934) § 4898.

■ As far as plaintiff's motion for leave to serve and file an answer to the complaint in intervention is concerned, it is a matter well within the discretion of the court to grant or deny on the record as here presented, and there was no abuse of discretion in denying the motion for leave to answer.

■ Plaintiff, after the complaint in intervention was served, gave notice of a dismissal of the action. The complaint in intervention being for affirmative relief and being a complaint, the plaintiff could not, by simple notice of dismissal of her action, affect the rights of the intervener or dismiss the intervener's complaint.

We find no other questions of importance involved, and the order appealed from is affirmed.