BOYD *v.* McCONNELL *et al.*

(*Knoxville*, Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

HARRY T. BURN, of Sweetwater, for petitioner Hattie May Penland.

H. M. GREGORY, of Athens, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

The question presented on this appeal is whether a dismissal of the original bill carried with it a dismissal of the intervening petition.

The original bill filed by R. L. Boyd set out that he had performed valuable services for defendants in a cause of action they had against Floyd H. Moser and others in Monroe County, and that the proceeds of this recovery were used by defendants to purchase land in McMinn County. The bill prayed for an attachment of the land and for a decree awarding complainant a reasonable fee for his services.

A petition was filed in this cause on behalf of the estate of John D. Penland, deceased, an attorney, by his mother, and later amended in the name of his administrator, to recover a reasonable attorney's fee for his estate, it being alleged that said Penland had also rendered valuable services in the Monroe County cause.

At the spring term 1947, defendants moved that complainant's bill be dismissed for his failure to execute a cost bond. Complainant was allowed ten days within which to execute this bond, and on his failure to do so, the bill was dismissed.

At the fall term 1947, the intervenor, learning of the dismissal of complainant's bill, filed a motion for reinstatement of the petition. The intervening petition set out all the requirements of an original bill, but no cost bond was executed. The Chancellor disallowed this motion, holding that since the spring term was over he had no authority to grant it under *Kennedy* v. *Kennedy*, 81 Tenn. 24. Defendants filed an answer to the petition on its merits and made no objection to the jurisdiction of the Court.

Section 8713 of Williams' Code provides:

"No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings, but the courts shall have power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow all proper averments to be supplied, upon such terms as to continuances as the court, in its sound discretion, may see proper to impose."

The effect of the dismissal of the intervening petition in this cause would result in the filing of an original bill. All parties are now before this Court.

In 20 R. C. L., sec. 32, p. 693, it is said:

"When a person has duly intervened, his right to proceed with the litigation and determination of his rights cannot be affected either by the granting of a nonsuit against the plaintiff, or by the plaintiff's dismissal of the action."

The decree of the Chancellor is reversed and the cause remanded.

All concur.