PROGRESSIVE DESIGN, INC., APPELLEE, V. OLSON BROTHERS
MANUFACTURING COMPANY, APPELLEE, SECURITY STATE
BANK OF OXFORD, NEBRASKA, INTERVENER-APPELLANT.
206 N. W. 2d 832

Filed May 4, 1973. No. 38746.

Richard A. Knudsen of Knudsen, Berkheimer, Enda-
cott & Beam, William A. Sherwood of Sherwood & Poff,
and Beech & Webster, for intervener-appellant.

J. Patrick Green of Eisenstatt, Higgins, Miller & Kin-
namon and Walt Azaroff, for appellee Progressive De-
sign, Inc.

William W. Griffin, for appellee Olson Bros. Manuf.
Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action brought by Progressive Design, Inc.,
to recover from defendant Olson Brothers Manufactur-
ing Company for breach of contract. Plaintiff had en-
tered into a security agreement and assigned the con-
tract to intervener Security State Bank of Oxford, Ne-
braska. Plaintiff entered into a settlement with defend-
ant and dismissed its petition with prejudice. The court

thereupon dismissed the intervener's petition. We reverse the judgment of the District Court.

On March 31, 1970, plaintiff, by written contract, agreed to manufacture and sell to defendant certain quantities of hydraulic valves. On April 29, 1970, plaintiff assigned to intervener all claims for money falling due it under the contract as security for a loan and executed a security agreement thereon. Financing statements were duly filed. Oral notice of the assignment was given defendant on May 14, 1970, and written notice on August 14, 1970. Plaintiff was in default under the security agreement.

Plaintiff's petition was filed November 27, 1970. Defendant appeared by motion and an amended and substituted petition was filed. Intervener's petition in intervention setting up its interest in the matter was filed June 1, 1971. No answer appears to have been made by defendant. On August 23, 1971, plaintiff filed a dismissal with prejudice. Defendant then moved for dismissal of the petition in intervention on the ground that a settlement had been effected between plaintiff and defendant and plaintiff's petition dismissed. Dismissal of the petition in intervention was entered by the court on August 16, 1972.

Questions presented are the propriety of the order dismissing the petition in intervention, the necessity of a motion for new trial, and the filing of a bill of exceptions to a determination on appeal.

As to a bill of exceptions, it appears that no evidence was taken and the transcript is sufficient to present all issues before the court. The case is one for determination solely on the pleadings and the order of the court.

In regard to the requirement of a motion for new trial, it was held in Walker v. Burtless, on rehearing, 82 Neb. 214, 118 N. W. 113, that: "If the consideration of a record of the district court does not require the examination of any issue of fact or error of law occurring at the trial, which could only be preserved by a

bill of exceptions, a motion for a new trial is not a condition precedent to a review of that record in this court."

In Weideman v. Estate of Peterson, 129 Neb. 74, 261 N. W. 150, it is stated: "An examination of our statute relating to new trials and the constructions heretofore placed thereon in numerous cases establishes beyond any doubt the rule that orders of the district court which do not pertain to the trial of the case, such as rulings upon demurrer, motions addressed to the pleadings, and motions to dismiss, need not be called to the attention of the trial court by motion for a new trial to make them available on appeal taken to this court."

A more serious question is presented regarding dismissal of the petition in intervention following the dismissal of plaintiff's petition. It is evident that intervener has a direct interest in the subject of the action and the settlement made by plaintiff and defendant is an attempt to circumvent and defeat the intervener's claim. As assignee of the contract, any settlement made by plaintiff is necessarily ineffective unless the assignee is a party to it. The matter is handled in several different ways in the various jurisdictions. Some hold that the plaintiff cannot dismiss its own petition if it adversely affects an intervener entitled to affirmative relief. Some, by statute, preserve the intervener's cause of action. Others hold that dismissal of the principal action dismisses the petition in intervention. Still others hold, even in the absence of statute, that an intervener's petition showing it to be entitled to affirmative relief will be preserved and heard regardless of the disposition of the principal action. .

Nebraska follows the latter rule. It was held in Montgomery v. Dresher, 97 Neb. 112, 149 N. W. 314, that: "Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, may become a party to such action, and when he has become a party thereto

it is error for the court to dismiss his petition of intervention prior to the final determination of the action on the merits."

In Scott v. Van Sant, 193 Minn. 465, 258 N. W. 817, it was held that where complaint in intervention asked for affirmative relief, plaintiff's attempted dismissal of her action by means of notice of dismissal did not affect intervener's right to maintain complaint in intervention.

In Patterson v. Pollock, 84 Ohio App. 489, 84 N. E. 2d 606, plaintiff dismissed her action and the court stated: "However, the case has been presented to this court as though the entry that the court set aside effected the dismissal of the entire action including the intervening petition. We hold that if the order of the court had that effect it was erroneous in the absence of consent by the intervenor."

In Boyd v. McConnell, 186 Tenn. 520, 212 S. W. 2d 365, it was held: "Dismissal of original bill for complainant's failure to execute cost bond does not affect intervening petitioner's right to proceed with litigation and determination of his rights."

In In re Estate of Hazeldine, 225 Iowa 369, 280 N. W. 568, the court stated: "That claimant's dismissal as to a part of his amendment to his claim did not deprive the court of its jurisdiction to adjudicate the rights claimed by the cross-petitioner and intervenor is, we think, sustained by our decisions * * *."

In Muirhead v. Johnson, 232 Minn. 408, 46 N. W. 2d 502, the court held that in an action by taxpayer to set aside conveyance by city on grounds that conveyance had been obtained through false representations and for grossly inadequate consideration, where city filed complaint in intervention before plaintiff's action had been expressly dismissed, but subsequent to expiration of time granted plaintiff to file amended complaint by order sustaining demurrer to plaintiff's original petition, city's complaint was not subject to dismissal on ground that no action was pending, since dismissal of

plaintiff's action did not affect rights of intervener or effect dismissal of intervener's complaint. See, also, Seil v. Board of Supervisors of Will County, 93 Ill. App. 2d 1, 234 N. E. 2d 826; Minkin v. City of New York, 198 N. Y. S. 2d 744, 24 Misc. 2d 818.

The judgment of the District Court is reversed and the cause remanded for further proceedings on the petition in intervention.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.