# SUPREME COURT OF TEXAS.

## TYLER, 1855.

### J. C. WRIGHT v. NEATHERY, ADM'R, AND ANOTHER.

A demurrer to the petition was sustained, with leave to the plaintiff to amend, and the cause continued ; the plaintiff did not amend, but at the next Term of the Court, before any final judgment, a third person intervened ; the defendant moved to strike out the petition of intervention and dismiss the suit : *Held*, that the motion was properly overruled.

Where A obtained an alternative mandamus against a surveyor to record certain field notes, and a demurrer to the petition was sustained, with leave to A to amend, which he failed to do, but before final judgment B intervened, claiming the certificate on which the survey was made, and praying for a mandamus to compel the surveyor to record the field notes, the intervener recovered.

Appeal from Hopkins. The appellee Harper petitioned the Court for a mandamus to compel the County Surveyor to record the field notes of a survey made for him upon the headright certificate of the intestate of the appellee Neathery. There was a demurrer to the petition, which the Court sustained, gave leave to the plaintiff to amend and continued the cause. At the next succeeding Term of the Court, the appellee Neathery, as administrator of Trent, to whom the certificate was issued, intervened, claiming the certificate in right of

the estate of his intestate, and praying a mandamus to compel the surveyor to record the field notes. The defendant moved to strike out the petition of the intervener; 1st. for insufficiency ; 2d. for the reason that the demurrer to the plaintiff's petition having been sustained, the suit was thereby determined. The Court overruled the motion ; there was a verdict and judgment for the intervener, and the defendant brought a writ of error.

*Young & Morgan*, for appellant.

*W. H. Johnson*, for appellees.

Wheeler, J. Two grounds of error are relied on for reversing the judgment; 1st. That the demurrer to the plaintiff's petition having been sustained, there was no suit pending, and consequently there could be no intervention ; 2d. That the survey, having been made for the plaintiff Harper, did not support the claim of the intervener. To the first ground, it must be answered that although the demurrer was sustained, judgment final was not rendered upon it for the defendant. The case was continued to afford the plaintiff an opportunity to amend, and was still pending when the appellee intervened. The plaintiff might still have amended his petition, and prosecuted his suit to final judgment upon the merits, had he seen proper ; and his failure to do so could not deprive the intervener of his right to maintain his claim, which had been asserted before final judgment rendered in the case. The objection, therefore, is not well founded.

The remaining objection to the judgment is not entitled to more consideration. The intervener asserted title in his intestate, and there being no statement of facts, the presumption must be that his claim of title was sustained by evidence legal and sufficient. The judgment is affirmed.

Judgment affirmed.