# McCrory r. Guyton.

### Bill to Enforce Vendor's Lien.

(Decided Feb. 5, 1908.   45 South. 658.)

1. *Vendor and Purchaser; Vendor's Lien.*—Where a note given for the purchase price of land sold to the maker is, by agreement of the parties concerned, made payable to a third person, it is a charge on the land as a vendor's lien.

2. *Same.*—A bill is demurrable for failing to allege that the vendor's lien reserved by the wife was, by any action or agreement on her part, shifted from her to her husband, where the allegations are that the husband and wife executed the deed conveying the wife's land that the wife reserved a vendor's lien, and that for some reason unknown to complainant the note for the unpaid purchase price was made payable to the husband.

3. *Equity; Bill; Dismissal.*—A decree sustaining demurrer to a bill and granting complainant a certain time within which to amend is not a final decree and does not operate to dismiss the bill, a subsequent order of dismissal being necessary.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Walter Guyton against R. C. McCrory. From a decree overruling demurrers to the bill, defendant appeals. Reversed and rendered.

It is alleged in the bill that Jane Allen was the owner of the land described, and that she sold said lands to respondent, at the same time reserving the vendor's lien for the unpaid purchase money, and for some reason unknown to orator said note was made payable to D. E. Allen, the husband of Jane Allen. It is then alleged that D. E. Allen sold the note to one Caddell, who prior to the maturity thereof transferred it to orator for value; that orator was the owner of the note, and by virtue thereof has a vendors' lien. It is then alleged that respondent was placed in possession of the land by the

said Allen, and is now in possession of it. Motion was made to strike the amendment, because a departure from the original bill, and because it sets up an entirely new and different cause of action from the bill. Demurrers were interposed along the same line, and also raising the question of the sufficiency of the averment to show that complainant acquired a vendor's lien.

DAVIS & FITE, for appellant. The decree on demurrer was a decree sustaining the demurrer, and unless leave is asked for and given to amend the decree in effect is a decree of dismissal.—*Tatum v. Tatum,* 111 Ala. 209; *Coleman v. Butt,* 130 Ala. 268; 2 Daniel's Chan. 88; Shiman's Eq. Pl. sec. 258; 6 Ency. P. & P. 428. If the decree is rendered in vacation the duty is on the court, without application, to fix a time in which the bill may be amended.—*Goodlett v. Kelly,* 74 Ala. 213; *Connor v. Smith,* 74 Ala. 115; *Young v. Hooper,* 73 Ala. 119. It follows that the court erred in allowing appellee to file the last amendment. The last amendment does not cure the defects pointed out by demurrer, and is a departure from the bill as originally filed.—*Penn v. Spence,* 54 Ala. 35. While there are several cases holding that if a purchase money note be executed to a third person by agreement between the vendor and vendee to pay a debt due by the vendor to such third person, the vendor's lien follows the note, and is enforceable by such third person, (*Cargile v. Eaves,* 65 Ala. 190, and *Young v. Hawkins,* 74 Ala. 370), yet, none of the cases nor any of the text writers hold that the vendor's lien passes with the execution of the note to a mere stranger.

WALTER NESMITH, for appellee. The acceptance of the deed from Allen and her husband was an acceptance of each and every stipulation contained therein, and es-

tops the respondent from asserting the contrary.—40
Ala. 606; 28 A. & E. Ency. of Law, 778.  The transfer of
the note carried the vendor's lien on the lands.—Sec.
878, Code 1896, and authorities cited.  In any event, the
ownership of the note can be put in issue only by sworn
plea.—*Nobles v. Gillian*, 136 Ala. 618; *Paige v. Bread-
foot*, 100 Ala. 610.  The execution of the note to D. E.
Allen did not waive the lien and his transferee can en-
force the lien upon failure to pay the note.—*Woodall v.
Kelly*, 85 Ala. 368; *Crampton v. Price*, 83 Ala. 246.

ANDERSON, J.—When one sells land, and the pur-
chase-money note is, by mutual agreement of the parties
concerned, made payable to a third person, the note con-
tinues to be a charge on the land as a vendor's lien, and,
unless waived, such lien may be enforced by the promisee
by bill in equity for his own benefit.—*Woodall v. Kelly*,
85 Ala. 372, 5 South. 164, 7 Am. St. Rep. 57; *Carver v.
Eads*, 65 Ala. 190.  In order, however, for a note made
payable to a third person to operate as a vendor's lien
in favor of the payee or his assignee, it must have been
made payable to him under the authority or sanction of
the vendor.  In other words, the lien of the vendor is not
shifted to the payee of a purchase-money note unless the
note was so made with his consent.

While the deed in the case at bar was executed by Jane
Allen and her husband, Daniel Allen, the bill, as last
amended, avers that Jane Allen was the owner of the
land, and further says: "Orator avers that said Jane
Allen, in selling and conveying said land to respondent,
reserved a vendor's lien for the unpaid purchase money.
For some reason, unknown to orator, said note was made
payable to D. E. Allen, the husband of said Jane Allen.
Orator is the owner of said note, and it belongs to him,
and is due and unpaid."  Orator may be the owner of

the note, but there is nothing in the bill to indicate that the vendor's lien reserved by Jane Allen was by any action on her part shifted from her to the promisee; and the complainant, therefore, fails to show in himself such a lien on the land as will be enforced in a court of equity.

It is true in the *Carver Case, supra,* the court held that it was immaterial whether Mrs. Carver, one of the vendees, assented to the arrangement or not, as the purchase money was due and in equity she could not hold the land and repudiate the debt. But in that case the payment of the purchase money to a third person was agreed to by her husband, one of the vendees, and the vendor, and as the vendor was a party to the transaction, and authorized the note to be made payable to Eads, he could not collect the amount from the vendees. Here we have no such condition, as there is nothing to show, as per the averments of the bill, that the lien of Jane Allen was ever shifted, or that she in any way lost her right to look to the land for the unpaid purchase money.

The decree of the chancellor, sustaining the demurrer to the bill as first amended and giving the complainant 30 days within which to amend, was not a final decree, and did not operate ipso facto a dismissal of the bill. A subsequent order of dismissal was necessary to effectuate that end.—*Bledsoe v. Jones,* 145 Ala. 685, 40 South. 111; *Lide v. Park,* 132 Ala. 222, 31 South. 360.

The chancellor erred in not sustaining the demurrers to the bill as last amended. The decree of the chancery court is reversed, and a decree is here rendered sustaining the demurrers.

Reversed and rendered.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.