D. L. SATTENSTEIN, Appellee, *vs.* ASA EARL *et al.*— (GEORGE J. HABERER *et al.* Appellants.)

*Opinion filed December 21, 1927.*

1. PLEADING—*when bill will be dismissed on demurrer for want of equity.* A bill will be dismissed upon demurrer for want of equity if sufficient facts are not stated in it to entitle complainant to the relief he seeks or if the facts stated show he is not entitled to relief, but the complainant's solicitor in such case may be granted an extension of time to file an amended bill, or he may ask the court to dismiss the bill without prejudice to his right to file another bill.

2. CLOUD ON TITLE—*when defendants are barred by decree in former suit dismissing their bill for specific performance.* Defendants in a suit to remove as a cloud on complainant's title a trust deed executed pursuant to an alleged agreement with the complainant's grantor are barred from setting up the alleged agreement as a defense to the suit where their bill in a former suit against the complainant's grantor for specific performance of the same agreement was dismissed on demurrer for want of equity, where they prosecuted no appeal or writ of error to reverse the decree, and where, although given time to file an amended bill, they neglected to do so; and where the complainant in the suit to quiet title

amends his bill setting up the facts in regard to the prior decree after the defendants' answer is filed, the record in the former suit is admissible in the suit to quiet title.

3. RES JUDICATA—*when a judgment on demurrer bars another action.* A judgment on demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts.

APPEAL from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding.

M. L. CARMODY, for appellants.

IRVING SHUTTS, for appellee.

Mr. COMMISSIONER CROW reported this opinion:

Appellee filed a bill in equity March 18, 1926, to quiet title to 446 acres of land particularly described in the bill. He averred in his bill that he is the owner in fee simple and has been in possession of the land described since March 1, 1926. He acquired title to it by conveyance from Frank E. Chamberlin and wife. The bill traces the source of Chamberlin's title to his mother, Eliza Chamberlin, by descent as her only heir-at-law at her death, January 15, 1916. Her husband, Oliver Chamberlin, had conveyed all of his right, title and interest in the real estate owned by her to Frank E. Chamberlin by deed dated August 7, 1913. All of the deeds were duly recorded. The only resistance to the bill to remove clouds and quiet the title of complainant was made by George J. Haberer in his own right and as trustee of the Liberia Land and Development Association, (designated in the answer as a common law trust,) George Holle in his own right and as such trustee, Alvin W. Ehrhardt, trustee, Albert V. Haberer and Andrew J. Lane, officers of the development association. The averment in the bill with regard to them is, that Holle and

Homer Kemp, as trustees of the development association, executed to Ehrhardt a trust deed on the premises now owned by complainant for the purpose of securing 180 bonds, aggregating the sum of $65,000, dated October 18, 1924, and executed by Kemp, Haberer and Holle as trustees; that the trust deed bears date September 29, 1924, and was recorded in the recorder's office, and that at the time of the execution of the trust deed neither the Liberia Land and Development Association, nor Kemp, Haberer nor Holle in their own right or as trustees, had any right, title or interest in the real estate and have since acquired none; that it is not a lien on the real estate or any part of it and constitutes a cloud upon complainant's title; that Kemp, George J. Haberer, Holle, Albert V. Haberer and Andrew J. Lane, by a trust agreement dated September 29, 1924, and recorded in the recorder's office, claim some financial interest in the real estate owned by complainant; that they have no right, title or any interest therein and that the trust agreement constitutes a cloud on complainant's title.

Appellants answered so much of the bill as directly related to them and the interest they claim in the land, setting out the contract between them and Frank E. Chamberlin, grantor of complainant. They aver in their answer that "on September 11, 1924, Chamberlin entered into a contract with the Liberia Land and Development Association of Chicago, wherein he agreed to convey by proper deed to said association his farm, consisting of 446 acres, for the sum of $56,750, payable $20,000 in cash and $36,750 to be represented by the bonds of the association to be issued, and not to exceed $65,000, said bonds to be due and payable three years after date, with interest at the rate of six per cent per annum, payable semi-annually, and to be secured by a first trust deed on said land, the offer to be accepted and carried into effect within eight days from this date." The answer further avers that by the contract the trust deed securing the bonds shall provide

that when a piece of land is sold, fifty per cent of the pur-
chase price shall be paid to Chamberlin before a release
is executed, provided Kemp and his wife shall within eight
days quit-claim to Chamberlin all of their right, title and
interest in said land.  Defendants further answering state
that the development association accepted said agreement;
that it was at all times ready, able and willing to fulfill all
of the terms of the contract and demanded of Chamberlin
a good and merchantable abstract of title to the land, but
that he failed to tender an abstract of title and refused to
fulfill his part of the contract.  They admit that they exe-
cuted the trust deed conveying the land charged in the bill
as constituting the cloud sought to be removed from the title.

After the answer was filed, complainant by leave of
court filed an amendment to the bill, consisting of one par-
agraph.  It avers, substantially, that before the filing of
the bill in the present suit the defendants Kemp, Haberer
and Holle, as trustees of the Liberia Land and Develop-
ment Association, filed a bill in chancery against Frank E.
Chamberlin, Eugene E. O'Heron and Glenn Fuller, setting
out the agreement of Chamberlin to convey to them the
real estate described in the present bill.  The amendment
avers it was charged in that bill that it was the duty of
Chamberlin, "under the agreement," to furnish a "mer-
chantable abstract of title" to the premises and that he
failed to tender one.  The matters now stated in their an-
swer as a bar to relief against them were averred as ground
for relief in that bill.  That bill, upon demurrer, was dis-
missed for want of equity.  To reverse the decree no ap-
peal or writ of error was prosecuted.

The cause was heard by the chancellor upon the
amended bill, answers and evidence, oral and documentary,
and a decree was entered granting the relief prayed.  There
were a great many defendants to the bill who were de-
faulted and decree *pro confesso* was entered against all ex-
cept appellants.  The decree in this case recites the proceed-

ings in the former case as set up in the amendment to the bill, and finds that the decree then rendered "remains in full force and effect." It decrees that the trust deed to Ehrhardt is not a lien on the real estate described in it, and that the holders or owners of the bonds issued under it have no right, title or interest in the real estate described in the trust deed and that it constitutes a cloud on the title of complainant and should be removed.

The first contention of appellants as ground for reversal of the decree is, that the court erred in admitting in evidence the files and record in the case of the Liberia Land and Development Association against Frank E. Chamberlin. That evidence was admitted to sustain the charge in the amendment to the bill that the right to enforce the trust agreement by Kemp, Haberer and Holle had been decreed not to exist. The agreement purported to affect the title to the land described in it. It was the land involved in this suit. The bill sought to have their right to specific performance of the agreement enforced in their favor against complainant's grantor. The sufficiency of their bill to require relief was challenged by demurrer. The court held that it was not sufficient to entitle complainants in that suit, defendants in this, to relief and sustained the demurrer. Leave was given them to file an amended bill within fifteen days. They did not file it. Thereupon the court entered the decree dismissing their bill for want of equity.

It is clear from a consideration of the principles applicable upon demurrer, that the only case cited by counsel (*Fischheimer* v. *Kupersmith,* 258 Ill. 392,) does not sustain his contention and is not applicable to this case. In that case the bill sought to compel the conveyance of property to complainant by defendant. Defendant demurred to the bill. By leave of court he withdrew his demurrer and filed a plea of *res judicata.* The cause was set down for hearing upon that plea. In support of the plea defendant offered in evidence the pleadings, files and order entered in

a former suit in that court showing plaintiff had theretofore
filed a bill against the defendant alleging the same facts
and seeking the same relief as in the bill to which the plea
was interposed; that defendant demurred to the former
bill after it had been once amended, and that the hearing
upon the demurrer resulted in the following order: "On
motion of solicitor for defendant, this cause coming on to
be heard and the court having heard the argument of coun-
sel and being fully advised in the matter, the demurrer to
the amended bill of complaint is hereby sustained and the
above entitled cause dismissed on motion of complainant."
Upon that state of the record the circuit court in the case
cited entered a decree sustaining the plea and dismissing
the bill.   Sustaining the demurrer was the action of the
court and not of the party.   This court reversed the decree
sustaining the plea of *res judicata* because complainant had
the right to dismiss his bill on his own motion at any time
before final decree if no cross-bill has been filed, (*Reilly*
v. *Reilly,* 139 Ill. 180; *Langlois* v. *Matthiessen,* 155 id.
230; *Paltzer* v. *Johnston,* 213 id. 338; *Pingrey* v. *Rulon,*
246 id. 109;) and such a dismissal, under the facts shown
in that case, amounts to a dismissal without prejudice.
(*Bates* v. *Skidmore,* 170 Ill. 233; *Williams* v. *Breitung,*
216 id. 299.)   Concluding the discussion of the question
there presented it is said: "The dismissal of the former
bill on motion of the complainant therein was not a bar to
this proceeding."

It is said in the argument here that after the demurrer
was sustained to the bill in the former suit between these
parties complainants did not elect to stand by their bill but
requested, and were allowed, fifteen days in which to file
an amended bill; that they failed to file an amended bill
within that time, and the court entered the decree dismiss-
ing the bill for want of equity.   The demurrer is not con-
tained in the abstract, but from the discussion of the case
by counsel in their briefs it is evident that the questions

argued on demurrer went to the equities of the case upon the facts then at bar. A bill will be dismissed for want of equity upon demurrer if sufficient facts are not stated in it to entitle the complainant to the relief he seeks or if the facts stated show he is not entitled to the relief.

When a demurrer is sustained to a bill in equity, an order entered by the court expresses the conclusion of the court. If the demurrer is sustained and goes to the right to relief it will be followed by a decree dismissing the bill for want of equity. If lack of equity appears from the facts stated, complainant is entitled to no relief. The decree follows, or may follow, immediately upon sustaining the demurrer, but if solicitor desires, he may, as in this case, be granted an extension of time to file an amended bill stating a case, if he can, invulnerable to demurrer. If he does not meet the terms upon which an amended bill is allowed to be filed, the interlocutory order that the demurrer be sustained will be followed by the final order dismissing the bill for want of equity, as in this case. The contention of counsel that the words "for want of equity" in the decree are superfluous is a misapprehension of the rule applicable to this case. He might have asked the court to dismiss the bill without prejudice to his rights to file another bill, but he did not, and cannot complain if the rule of equity pleading and procedure is applied to his case.

It is said in the argument that "the plea of *res judicata* should not have been sustained because the court never passed upon the equities in the cause." But in the first case, where the present appellants were the complainants, it was sought to compel the appellee's grantor, who was in that suit defendant, to execute a conveyance in accordance with the contract for sale, which they set up in their answer as a bar to relief against them in the present suit. In that case the court decreed they could not equitably use the contract as an instrument of attack; in this it is held that it could not be used as a shield for defense. If complainants

were not satisfied with the decree in the former case they should have prosecuted an appeal or sued out a writ of error to have it reviewed, but they did not do that and are concluded by the former decree. The answer in this case sets out substantially every fact set out in the bill filed in the former case seeking specific performance. They are therefore estopped not only as to matters offered to sustain their claim then, but as to all matters that might have been determined in that action.

The fact that the former decree was rendered upon demurrer to the bill does not impair it as a bar to the present action. In *People* v. *Harrison,* 253 Ill. 625, it was said: "It is true that a judgment, to be a bar, must have been rendered upon the merits. A judgment that a declaration is bad is not a bar to a declaration stating facts which do constitute a cause of action. It is, however, settled law that it makes no difference whether the facts upon which the court proceeded were proved by evidence upon issue joined or were admitted by way of demurrer to a pleading stating the facts. In either case the judgment rendered is equally available as an adjudication, and the facts so established cannot be again drawn in question between the same parties. A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts.—*Vanlandingham* v. *Ryan,* 17 Ill. 25; *Marie Church* v. *Trinity Church,* 253 id. 21."

So if it were conceded upon examination of the bill in the former case that the court erroneously decided that the bill then under consideration upon general demurrer did not state a cause of action, appellants are in no better position here. The final judgment following that decision was acquiesced in by them, and it is as binding upon them as if rendered upon evidence heard. Until reversed it binds the parties and those in privity with them. The evidence

sustains the averments of the bill touching this matter. The circuit court did not err in rendering the decree complained of.

It is not necessary to notice other questions presented by appellants in their brief.

The decree of the circuit court will be affirmed.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*