I. H. & BYERS McCOLLUM *v.* M. C. & JOHNNIE DILLARD.*

(Division B. Dec. 3, 1928.)

[119 So. 180. No. 27429.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2587, p. 688, n. 69.

*S. H. Long,* for appellant.

*Paine & Paine,* for appellees.

Argued orally by *Thomas Fite Paine,* for appellee.

ETHRIDGE, P. J.  The appellants, I. H. & Byers McCollum, filed a suit in the chancery court of Monroe county, setting up that they were a partnership, and both residents of Lee county, Miss.; that they sold to one of the defendants, M. C. Dillard, twelve head of mules, and received therefor Dillard's promissory notes (copies of which are made Exhibits A and B to the bill), but that they retained title to the mules; that the said Dillard paid on the purchase price of the said mules one hundred dollars by check, which check was dishonored, is still outstanding and still due, and is made Exhibit D to the bill; that there were other notes given for some of the mules, which had been settled by the return of the mules and delivery of the notes to the defendant as they were paid, and that, for the two mules returned, the defendant was entitled to a credit of one hundred and ninety dollars, leaving a balance due appellants of eight hundred twenty-nine dollars and fifty-eight cents.  Appellants alleged that, at the time these mules were sold to M. C. Dillard,

M. C. and Johnnie Dillard represented to appellants that they were partners; that they had a contract to build certain sections of the St. Louis & San Francisco Railroad Company's new roadbed; and that they would derive considerable sums of money from said contract. Appellants alleged that Ross Wogan Company, of Kansas City, Mo., but who are operating in Mississippi with offices at Columbus, in Lowndes county, where Mr. Ross resides (Mr. Wogan being a resident of either Lowndes or Monroe county), entered into a contract to build certain parts of the railroad dump on the new railroad extending through Monroe county toward the Alabama line, and that certain parts of this work (the exact amount being unknown) were sublet to the partnership of Dillard Bros.; that Dillard Bros. proceeded to the completion of this work, and finished that part of the work contracted for by them; and that the firm of Ross Wogan Company and the St. Louis & San Francisco Railroad Company now owe Dillard Bros. a considerable sum of money on the balance due on the contract, which appellant alleged is three thousand dollars. And appellant alleged further that M. C. Dillard, in an effort to defraud his creditors, unlawfully and fraudulently attempted to assign his interest in the firm of Dillard Bros. to his brother, John Dillard; that he repeatedly represented to complainants that he was a partner; that, when this money was received, it would be applied on the debt of complainants; and that his assignment to his brother operates as a fraud on complainants in an attempt to conceal.

The bill prays for a writ of attachment impounding the funds belonging to Dillard Bros., and that a writ of garnishment issue against the said firm of Ross Wogan Company of St. Louis, and the St. Louis & San Francisco Railroad Company, commanding it to hold the balance of the money due Dillard Bros., and to answer the bill at the July term, 1927, as to the amount due.

The bill was demurred to, and the demurrer sustained. In the decree sustaining the demurrer is the following:

"And . . . the complainant asking in open court for thirty days' time in which to file an amendment to said bill, he is granted thirty days from this date in which to file an amendment, and the defendants, M. C. and Johnnie Dillard, 'are granted sixty days from that date in which to plead, answer or demur to said amended bill. In the event no amendment is filed within said thirty days, then said bill shall stand as dismissed with prejudice," etc.

No amendment or amended bill was filed within thirty days, but, after the expiration of the said thirty-day period, an amended bill was filed, and at the next succeeding term of the court a motion was made to strike the said amended bill from the files because not filed within the thirty days allowed by the decree, and that thereby the decree became final, all power of the court over the matter having ceased, and said motion was sustained by the court, the court holding that the decree was final. Thereafter, another amended bill was filed in the chancery court during the said term, which was likewise, on motion, stricken from the files, and the two cases were, by order of the chancellor, consolidated for the purpose of appeal.

An appeal was granted in open court from the decree striking the said bill from the files, which reads:

"It appearing to the court that the motion should be sustained, it is therefore the decree of the court that the motion be sustained and the amended bill, filed on the 10th day of September, 1927, by the complainants, is stricken from the files and all costs are taxed against the complainants growing out of the filing of said amended bill and the motion to dismiss the same. And complainants praying for an appeal to the supreme court in open court from the decree striking said amended bill from the

files, an appeal is granted in open court as provided by law.''

This decree is dated January 18, 1928.

The decree consolidating the two suits for the purpose of appeal was dated the 24th day of January, 1928, and recites, to like effect, the one just quoted from. The appeal bond recites that:

''Whereas, at the January term, 1928, of the chancery court of Monroe county, Mississippi, two decrees, dismissing amended bills of the principals in the cause of *I. H. McCollum et al.* v. *M. C. Dillard, et al.*, were entered, and the cause finally decided against the complainants, and the complainants, feeling aggrieved at said action of the court, and having asked for and been granted an appeal, with *supersedeas,* in open court, now, if said principals shall successfully prosecute their appeal, or failing therein to do, shall pay all the damages and the cost, or any other decree which the supreme court may enter upon the hearing in said court, then this obligation is null and void; otherwise, to remain in full force and effect.''

There is no petition for appeal from the judgment dated July 23, 1927, nor is there any order of the court allowing an appeal from said decree. We are therefore not authorized to entertain or consider that decree any further than to determine whether it is final or interlocutory. We are of opinion that it is a final decree; that by its own terms it became final, and was fully dismissed, if the amended bill was not on file within thirty days from the date of the decree. No such amended bill was filed, and, by the very terms of the decree itself, the bill was dismissed with prejudice. This being true, the power of the chancery court over the subject-matter was lost, and, as no appeal was procured from that decree, and as it is now barred by statute, we are not called upon to discuss or decide the questions that would be presented as to

the demurrer, had a timely appeal been prosecuted. The judgment of the court below will therefore be affirmed.

*Affirmed.*