ANN E. WHALING v. COUNTY OF ITASCA AND ANOTHER.[1]

April 12, 1935.

No. 30,362.

*Robb, Rich & Reynolds,* for relators.
*Naughtin & Henley,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an award of compensation.

Edward J. Whaling, then a deputy auditor of Itasca county, died December 18, 1932, from blood poisoning. The cause was infection following a "paper cut" received while opening envelopes containing election returns. That the fatal accident arose out of and in the course of his employment is obvious. The only question is whether the case is covered by our compensation law.

■ Our county auditors are elected for terms of four years. By statute, 1 Mason Minn. St. 1927, § 831, the auditor of Itasca county was authorized generally to "appoint deputies." The stat-

[1]Reported in 260 N. W. 299.

ute declares that "such deputies may sign all papers and do all other things which county auditors may themselves do." Official bonds are required of their deputies, and county auditors are "responsible for their acts, and may revoke their appointment at pleasure."

The original compensation act of 1913, L. 1913, c. 467, § 34 (g, 1), extended its protection to:

"Every person in the service of a county, city, town, village, or school district therein, under any appointment or contract of hire, express or implied, oral or written," but provided that it should "not include any official of any county, city, town, village or school district therein, who shall have been elected or appointed for a regular term of office, or to complete the unexpired portion of any regular term."

When the present workmen's compensation law, L. 1921, c. 82, § 66, 1 Mason Minn. St. 1927, § 4326, which repealed the 1913 act, was enacted in 1921, that section was substantially reënacted, the only changes being that its coverage was extended to include employes of the state and any borough, and the addition of a proviso:

"That sheriffs, deputy sheriffs, constables, marshals, policemen and firemen shall be deemed employes within the meaning of this section; * * * provided further, that any peace officer other than a sheriff, deputy sheriff, marshal, or policeman shall be considered an employe while engaged in the enforcement of peace or in and about the pursuit and capture of any person charged with or suspected of crime."

In Itasca county every employe in the auditor's office is a duly appointed deputy auditor. That has no great bearing other than to illustrate the operation of the blanket authority given by statute for the appointment of deputies. The only limit upon the number of deputies is the money available for their pay as provided by 1 Mason Minn. St. 1927, § 837.

Counsel agree that Mr. Whaling was an official of the county. Even so, there can be no compensation if he was one "elected or appointed for a regular term of office, or to complete the unexpired

portion of any regular term." The task of construing that language is not much aided by the general definitions of lexicographers. It is too apparent that the legislature had in mind not only the fact that the elective county officers have stated terms of four years but also that any vacancy arising from death or resignation is filled by appointment, the appointee to complete the unexpired portion of the regular term of the officer whose place he fills. If the vacancy is in the office of probate judge, the appointment is by the governor, Minn. Const. art. 6, § 10; in any other county office, by the county commissioners, 1 Mason Minn. St. 1927, § 659.

We think, therefore, that the phrase "regular term of office" refers to the stated terms fixed by statute for the several elective county offices. The preceding and qualifying phrase, "elected or appointed," in connection with the concluding reference to completion of "the unexpired portion of any regular term," seems to make that conclusion irresistible. Deputy auditors are never elected. Nor are they appointed "to complete the unexpired portion of any regular term." They are always appointed to serve only during the pleasure of the auditor himself.

Our conclusion is not affected, one way or the other, by the amendment of 1921 expressly extending to sheriffs and other peace officers the benefits of compensation. The plain purpose was to recognize the peculiar hazards to which peace officers are subject and to insure compensation to all of them, even sheriffs, to whom, without the amendment, it would be denied.

■ We regret that there is one thing more to be mentioned. The written argument for respondent goes far beyond the record. Counsel for respondent go so far as to say that if their adversaries deny their unsupported and wholly improper averments "we shall ask the privilege of introducing evidence to prove what has transpired in this connection since the trial of this cause." That quotation is enough to show the impropriety. For that reason statutory costs will be denied and respondent allowed but $50 for attorney's fees here.

The order under review is affirmed.