## EDWARD R. RIGBY v. HARRY NORD.[1]

June 21, 1940.

No. 32,362.

*Frank M. Talus,* for appellant.
*Naughtin & Henley,* for respondent.

STONE, JUSTICE.

Action for breach of contract wherein the decision below went for plaintiff. Defendant appeals from the order denying his motion for amended findings or a new trial.

In October, 1938, plaintiff traded in his used 1938 Ford, under a contract with defendant wherein the latter agreed to sell him a new 1939 car on conditional sales contract. Plaintiff was then owing a finance company a balance of $439 on the price of the old car. Defendant refused to perform the contract, and this

[1]Reported in 292 N. W. 751.

suit followed. The defense, as pleaded, was that plaintiff fraudulently misrepresented the amount unpaid on the old car as $200 instead of the $439 claim to which it was subject and which defendant had to pay. On that issue the case was tried, and, on conflicting evidence, plaintiff prevailed.

By his motion for amended findings or a new trial, defendant first introduced the theory that there had been mutual mistake with respect to the trade-in allowance for plaintiff's old car. The idea that defendant should prevail upon the ground of unilateral mistake, that is, for error of defendant known to and taken advantage of by plaintiff, was not suggested to the trial court. Notwithstanding, we think the case is so clearly in that category that, on this record, it would seem a miscarriage of justice for plaintiff to prevail.

Plaintiff's own testimony, buttressed by the facts otherwise, reveals that he knew at the time that defendant was making an allowance for his old car that could not have been made, as a matter of plain sense, unless defendant assumed that the sum due to the finance company was close to $200 instead of being over $400.

The written contract between plaintiff and defendant was never completed, but it does show that the "net credit on trade-in" was to be $400. Adding the upwards of $438 unpaid on the old car, subject to which defendant was taking it, would result in defendant's paying $839 for the old car, whereas he was selling the new 1939 car for $798. That is, on plaintiff's case, defendant was to pay plaintiff a premium of $41 in order to get him to accept a new car in place of the old. An added and very significant circumstance is that concurrently with the transaction between plaintiff and defendant the latter was, to plaintiff's knowledge, selling plaintiff's used car to a third party, introduced by plaintiff, for $500, or $339 less than defendant was paying for it.

The theory of plaintiff all through has been that there was no fraud, but that there was a mistake which was exclusively defendant's. It is but simple and "obvious justice that mistake

by one party and knowledge of the mistake by the other will justify relief as fully as mutual mistake." 5 Williston, Contracts (Rev. ed.) § 1497; Central State Bank v. Royal Ind. Co. 167 Minn. 494, 210 N. W. 66; Nadeau v. Maryland Cas. Co. 170 Minn. 326, 212 N. W. 595.

In the Nadeau case, a release was attacked on the ground of fraud and mutual mistake. Neither was shown. Unilateral mistake of one party, known to the other, was established. We considered it a case of "mere variance," and decided accordingly. In principle, this case is not to be distinguished. In consequence, the order under review must be reversed with directions for proceedings not inconsistent with this opinion. A motion by defendant for amendment of the findings in accordance with our view may be enough, with the order thereon, to end the matter. But inasmuch as the learned trial judge has never been invited by counsel to consider the issue of unilateral mistake, our decision will be considered without prejudice to a motion for new trial, if one is needed. In any event, plaintiff's right to be put in *statu quo* will be protected.

Appellant will be denied statutory costs. The major reason should be obvious, but a minor one is the fact that in printing the record counsel has followed the practice which, though ancient, still governs too many lawyers. He has included the summons in the printed record, although nobody has been interested in it for any purpose since defendant's general appearance.

Order reversed.

HILTON, JUSTICE (dissenting).

I dissent. By answer defendant pleaded false and fraudulent misrepresentations and asked for a reformation. After decision defendant moved for an amendment of the findings and conclusions and of the answer to conform to mutual mistake. This is the first time that this was suggested, false representation being the theory of the pleading and of the trial. Defendant's motion below and assignments of error here are of mutual mistake and not unilateral mistake taken advantage of by plaintiff. While there might have been room originally for the defense of unilat-

eral mistake, this theory was not relied upon on the motion nor is it expressed in the assignments of error. Mutual mistake *"of plaintiff"* is what defendant has relied upon. As a matter of law there is no mutual mistake. We should not consider ourselves free to switch theories on appeal and decide the case on the basis of unilateral mistake when according to their own words all that the assignments and motion presented was mutual mistake "of plaintiff." Failure to present a case properly does not furnish grounds to invoke the protective wing of this court to shelter the brood of straying litigants. In addition, there is the factor of permitting purely defensive matter to support an equitable defense which still has some of its original elements of a cause of action. Only guardedly should this be allowed.

I think there should be an affirmance.