FRANK A. MUIRHEAD v. CARL LUDWIG JOHNSON
AND ANOTHER.
CITY OF HASTINGS, INTERVENER.[1]

January 12, 1951.

No. 35,300.

---

[1]Reported in 46 N. W. (2d) 502.

See, Muirhead v. Johnson, 231 Minn. 567, 42 N. W. (2d) 318.

*Alfred M. Joyce,* for appellants.

*Kelly, LeVander & Gillen,* for respondent.

MATSON, JUSTICE.

Appeal from a judgment entered upon an order dismissing the action of plaintiff taxpayer, as well as that of the city of Hastings as an intervener.

Prior appeals herein were dismissed because they were taken from a nonappealable order. See, Muirhead v. Johnson, 231 Minn. 567, 42 N. W. (2d) 318.

In April 1949, plaintiff, as a taxpayer, brought an action on behalf of himself and others to set aside a conveyance by the city of Hastings to defendants of certain real estate alleged to have been conveyed through false representations for a grossly inadequate consideration. Defendants demurred to the complaint. By order sustaining the demurrer, the court granted plaintiff 20 days in which to amend his complaint, and further provided therein that "upon failure of the plaintiff to serve such amended complaint within said time the * * * action *will be dismissed.*" (Italics supplied.) On July 11, 1949, the 21st day—which was after the expiration of the period fixed by the court—plaintiff served upon defendants an instrument which purported to be an "Amendment to Complaint." This instrument, which only introduced a fact not existing at the time of the service of the original complaint, namely, that the city of Hastings joined with the plaintiff in his taxpay-

er's suit, could not possibly be construed as an amended complaint. At best, it was nothing more than an ineffective supplemental complaint. See, 2 Pirsig's Dunnell, Minn. Pl. §§ 1611-1613. At the same time, plaintiff's attorney served a complaint in intervention for and on behalf of the city of Hastings.

Defendants thereafter moved the court for an order dismissing plaintiff taxpayer's complaint on the ground that plaintiff had failed to serve an amended complaint within the time limited by the court's order sustaining the demurrer, and further for an order dismissing the complaint in intervention on the ground that no action was then pending in which to intervene. By order of September 29, 1949, defendants' motion was granted in its entirety. Judgment was thereafter entered, and an appeal was taken pursuant to Muirhead v. Johnson, 231 Minn. 567, 42 N. W. (2d) 318.

The following issues arise:

(1) Whether the original complaint stated a cause of action.

(2) Whether plaintiff may file a supplemental complaint to remedy a fatal defect in the original complaint.

(3) Where the court's order sustaining a demurrer provides that if an amended complaint is not served within 20 days *the action will be dismissed,* and where no amended complaint is served within said period, whether the action is still pending after the expiration of said period so that, prior to an express order of dismissal, a complaint in intervention may be interposed therein as a matter of right pursuant to M. S. A. 544.13.

█ As a condition precedent to the maintenance of an action in behalf of a municipality by a taxpayer, such taxpayer must allege and establish that he has requested the proper officers of the municipality to bring such action and that they have refused, *or,* in the alternative, that it would be futile to make such a request.[2]

---

[2]Burns v. Essling, 154 Minn. 304, 191 N. W. 899; Cone v. Wold, 85 Minn. 302, 88 N. W. 977; Bailey v. Strachan, 77 Minn. 526, 80 N. W. 694; 4 Dunnell, Dig. & Supp. § 6848; 6 McQuillin, Municipal Corporations (2 ed.) § 2747; Annotation, 124 A. L. R. 585.

In the instant case, plaintiff's original complaint was wholly lacking in allegations essential to establish that plaintiff had any right to maintain an action on behalf of the city of Hastings. Clearly, there was no error in sustaining defendants' demurrer.

■ Plaintiff was granted 20 days in which to file an amended complaint. He did not at any time file an amended complaint either before or after the expiration of the 20-day period. The purported "Amendment to Complaint" which he filed after the expiration of the 20-day period contained no matter which could cure the elementary defect in his original pleadings, even if it had been served within the proper time. At best, the so-called "Amendment to Complaint" was, as already noted, nothing more than a supplemental complaint, in that it dealt only with facts occurring after the original pleading. Pursuant to § 544.11, plaintiff could obtain permission to file a supplemental complaint only by making a motion to invoke the discretionary action of the court. See, 2 Pirsig's Dunnell, Minn. Pl. § 1612. No such motion was made. Furthermore, even if we assume that the purported amendment had some intrinsic merit as a supplemental complaint, it was of no avail. A supplemental complaint, which is a pleading designed to introduce material facts which have occurred after the service of the original complaint, cannot be used to remedy a defective cause of action set up in the original complaint, but must be confined to its proper function of enlarging or changing the relief to which a party may be entitled with respect to, and in aid of, a good cause of action alleged in, and existing at the time of, the original complaint. Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777; 2 Pirsig's Dunnell, Minn. Pl. § 1613; 41 Am. Jur., Pleading, §§ 264, 265. It follows that plaintiff in no manner whatever amended his original complaint or cured the failure to state a cause of action therein. Under the circumstances, the trial court could do nothing else than grant defendants' motion for a dismissal of plaintiff's action.

■ Was it error, however, to dismiss intervener's complaint on the ground that no action was pending in which to intervene? Is a

suit or action pending where the sustaining of a demurrer establishes that no cause of action exists? Pursuant to § 645.45, an "action" is defined as "any proceeding in any court of this state." Courts generally state that an action is the prosecution in a court of justice of some demand or assertion of right by one person against another. Black's Law Dictionary (3 ed.) p. 41. The fact that a demand or assertion of a right upon which an action is based is without merit or is defective as a basis for a cause of action does not of itself terminate the action. A ruling upon a demurrer settles nothing beyond passing upon the sufficiency of the pleadings. An order which merely sustains a demurrer is not final, but is merely an interlocutory or intermediate order. Without further exercise of judicial power, it neither terminates nor adjudicates the action. Ex parte Munford, 57 Mo. 603; Brown v. Schmitz, 237 Iowa 418, 22 N. W. (2d) 340; Schwartz v. Consolidated School Dist. 225 Iowa 1272, 282 N. W. 754; Sattenstein v. Earl, 328 Ill. 148, 159 N. E. 222; Wright v. Neathery, 14 Tex. 211; McCrory v. Guyton, 154 Ala. 355, 45 So. 658. See, 1 C. J. S., Actions, §§ 142, 143; 30 C. J. S., Equity, § 292; 1 Am. Jur., Actions, § 64; Annotation, Ann. Cas. 1912A, p. 845. Thus, an order sustaining a demurrer and granting plaintiff leave to amend is not a final adjudication and does not operate as a dismissal of the action and, without more, leaves the action still pending, even though the period for amendment has expired. See, Ex parte Munford and McCrory v. Guyton, *supra.*

In the instant case, intervener filed its complaint in intervention after the period for amending the complaint had expired but before any order of dismissal had been entered. The court's order sustaining the demurrer did not purport by its terms to effect an automatic termination of the action in the event no amended complaint was served within the 20-day period. The order specifically stated that "upon failure of the plaintiff to serve such amended complaint within said time the * * * action *will be dismissed.*" (Italics supplied.) The word "will" in the third person—

like "shall" in the first person—ordinarily denotes simple futurity. Therefore, the words "will be dismissed" contemplate future and further action by the court after the expiration of the time for serving the amended answer. Funk & Wagnalls New Standard Dictionary (1945) p. 2713; Vizetelly, "How to Use English," p. 539; see, Hemsley v. McKim, 119 Md. 431, 87 A. 506; Cunningham v. Long, 125 Me. 494, 135 A. 198; State v. Griffin, 85 N. J. L. 613, 90 A. 259. In other words, the order did not operate of itself to effect an automatic dismissal upon default in the serving of an amended complaint. If the court had intended otherwise, no doubt it would have used language to the effect that "upon failure of the plaintiff to serve such amended complaint within said time, the action *shall stand dismissed*." See, McCollum v. Dillard, 152 Miss. 260, 119 So. 180. It follows that the complaint in intervention, having been served before plaintiff's action had been expressly dismissed, was not subject to dismissal on the ground that no action was pending. See, M. S. A. 544.13. The dismissal of plaintiff's action did not affect the rights of intervener or effect a dismissal of intervener's complaint. Scott v. Van Sant, 193 Minn. 465, 258 N. W. 817.

The judgment of the trial court is affirmed as to plaintiff taxpayer but is reversed as to intervener.

Affirmed as to plaintiff and reversed as to intervener.

On Appeal from Clerk's Taxation of Costs.

On February 23, 1951, the following opinion was filed:

Per Curiam.

Defendants appeal from the clerk's taxation of costs and disbursements awarded to appellants, namely, the original plaintiff taxpayer and the city of Hastings as an intervener. A similar appeal is also taken by plaintiff taxpayer and the intervener.

M. S. A. 607.01(1) authorizes this court in its discretion to allow costs, not exceeding $25, to the *prevailing* party upon judgment in his favor on the merits, but in all cases the *prevailing* party shall be allowed his disbursements *necessarily* paid or incurred. See, Supreme Court Rule XV, 222 Minn. xxxvii.

We are concerned with the taxation of costs in two separate and independent appeals, one by plaintiff taxpayer with respect to the trial court's dismissal of plaintiff's action for failure to serve an amended complaint within the specified period, and the other by intervener with respect to the trial court's dismissal of its complaint in intervention.

When two or more litigants, each of whom asserts or is possessed of an independent and separate ground for reversal, take a joint appeal or separate appeals, even though their respective arguments are presented to the appellate court upon a joint brief and upon a single record, each appellant stands on his own merits and must be treated separately in the taxation and award of costs and disbursements. This rule is bottomed on the statutory provision that the *prevailing* party shall be allowed his disbursements *necessarily* paid or incurred. § 607.01. Obviously, one appellant may prevail and another may not. Furthermore, each appellant does not *necessarily* incur the same amount of disbursements in the presentation of his case. It follows in such cases, in order that there may be a proper allowance and apportionment of costs and disbursements, that a separate affidavit of disbursements and a separate notice of taxation of costs should be filed *by each appellant who prevails.* This practice becomes particularly important where all appellants have not prevailed or where the amount of the costs and disbursements to be allowed one prevailing party may vary from the amount to be allowed another.

Who are the prevailing parties herein? As against plaintiff taxpayer, defendants prevailed in that the judgment dismissing his action was affirmed without modification. On the other hand, intervener prevailed as against defendants in that the trial court's judgment was reversed insofar as it purported to dismiss intervener's complaint.

In addition to their statutory costs, defendants are entitled, as against plaintiff taxpayer, to an award of such disbursements as they necessarily incurred or paid. No allowance may be made to

them for disbursements for their brief used on a prior appeal (Muirhead v. Johnson [Nos. 35,136, 35,137], 231 Minn. 567, 42 N. W. [2d] 318), which disbursements on such prior appeal were taxed and allowed in their favor.

As already noted, intervener prevailed against defendants, and it is entitled to such disbursements as it *necessarily* incurred or paid. Plaintiff taxpayer and intervener, however, both used the same record and the same brief and reply brief. It becomes necessary therefore to ascertain what portion of the record and their briefs was pertinent and necessary to the presentation of the issues between intervener and defendants. We find that with respect to intervener only one-fourth of the printed record was pertinent and necessarily printed. The reply brief was wholly irrelevant to intervener's appeal. Taking the brief and the reply brief together, only one-eighth of the disbursements thereof were necessarily incurred for intervener. In thus appraising what *disbursements* were *necessarily* incurred in behalf of intervener, we observe that considerable material in the printed record and the briefs was wholly unnecessary and irrelevant to the consideration of any issue on this appeal. See, Supreme Court Rule VIII (5) (222 Minn. xxxiv); Rigby v. Nord, 208 Minn. 88, 292 N. W. 751; Henry v. Meighen, 46 Minn. 548, 49 N. W. 323, 646; Curry v. Sandusky Fish Co. 88 Minn. 485, 93 N. W. 896. Cf. C. & N. W. Ry. Co. v. Verschingel, 197 Minn. 580, 268 N. W. 2, 709. No *statutory* costs should be allowed to intervener in that the judgment of the trial court was reversed on grounds not argued in appellants' brief although covered by the second assignment of error. Jones v. C. St. P. M. & O. Ry. Co. 80 Minn. 488, 83 N. W. 446; Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944. Also, see, Whaling v. County of Itasca, 194 Minn. 302, 260 N. W. 299.