STATE of Minnesota, Plaintiff,

v.

Richard A. DeWITT, Defendant.

and

STATE of Minnesota, Plaintiff,

v.

ROCHESTER SAND & GRAVEL, INC., Defendant.

Nos. C1–86–294, C3–86–295.

Supreme Court of Minnesota.

July 3, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas F. Catania, Jr., Sp. Asst. Atty. Gen., St. Paul, for plaintiff.

A. Keith Hanzel, St. Paul, for DeWitt.

Ronald L. Seeger, Rochester, for Rochester Sand & Gravel.

YETKA, Justice.

On May 31, 1985, a multicounty grand jury sitting in Olmsted County handed down separate indictments against defendants Rochester Sand & Gravel, Inc., and Richard A. DeWitt, accusing them of conspiring to rig bids for a public road contract on July 23, 1981, in violation of Minn. Stat. § 325D.53, subd. 1(2)(a) (1984) and charging defendants with a felony under Minn.Stat. § 325D.56, subd. 2 (1984) and Minn.Stat. § 609.05 (1984). Defendants moved separately for dismissal of the in-

dictments on October 14, 1985, arguing, inter alia, that the action was barred by the general 3-year statute of limitations for indictments. The state contended that a 4-year statute of limitations provided for violations of the Minnesota antitrust law applied and, therefore, the indictment was not barred. The Olmsted County District Court conducted an omnibus hearing for both motions on November 14, 1985, and it applied the 4-year statute of limitations and dismissed the motions by order dated January 22, 1986. Defendants moved for certification, which the court ordered on January 30 and February 10, 1986. This court granted the certification and consolidated the matters for purposes of the appeal on March 27, 1986.

The question certified by the district court is as follows:

Does the statute of limitations contained in Minn.Stat. § 628.26(e) or the statute of limitations contained in Minn.Stat. § 325D.64(1) apply to an indictment charging an offense under the Minnesota Antitrust Law of 1971?

We hold that section 325D.64, subdivision 1 applies and, thus, affirm the orders of the district court.

Defendants are accused of fixing or controlling a bid for a public contract in violation of the state antitrust act.[1] The grand jury has also charged defendants with a felony under Minn.Stat. § 325D.56, subd. 2, which provides:

Any person who is found to have willfully committed any of the acts enumerated in section 325D.53 shall be guilty of a felony and subject to a fine of not more than $50,000 or imprisonment in the state penitentiary for not more than five years, or both.

The complaint also cites Minn.Stat. § 609.-05, the general conspiracy statute: "A person is criminally liable for a crime committed by another if he intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime."

Minn.Stat. § 628.26 provides, with certain specific exceptions, for a 3-year period for indictments.[2] The state antitrust act, however, contains its own 4-year statute of limitations:

Subdivision 1. An action under sections 325D.49 to 325D.66, shall be forever barred unless commenced within four years of the date upon which the cause of action arose. No cause of action barred under existing law on June 8, 1971 shall be revived by sections 325D.49 to 325D.66. For the purpose of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of the violation.

Subd. 2. If any proceeding is commenced under sections 325D.49 to

---

**1.** Subdivision 1. Without limiting section 325D.51, the following shall be deemed to restrain trade or commerce unreasonably and are unlawful:

    \*    \*    \*    \*    \*    \*

(2) A contract, combination, or conspiracy between two or more persons whereby, in the letting of any public contract, (a) the price quotation of any bid is fixed or controlled * * *.

Minn.Stat. § 325D.53, subd. 1(2)(a) (1984).

**2.** (a) Indictments or complaints for murder may be found or made at any time after the death of the person killed.

(b) Indictments or complaints for violation of section 609.42, subdivision 1, clauses (1) or (2) shall be found or made and filed in the proper court within six years after the commission of the offense.

(c) Indictments or complaints for violation of sections 609.3641 to 609.3644, or for viola-

tion of sections 609.342 to 609.345 if the victim was under the age of 18 years at the time the offense was committed, shall be found or made and filed in the proper court within seven years after the commission of the offense.

*(d) Indictments or complaints for violation of sections 609.466 and 609.52, subdivision 2, clause (3)(d) shall be found or made and filed in the proper court within six years after the commission of the offense.*

*(e) In all other cases, indictments or complaints shall be found or made and filed in the proper court within three years after the commission of the offense;* but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitations imposed by this section.

Minn.Stat. § 628.26 (1984) (emphasis added).

325D.66, by the attorney general on behalf of the state of Minnesota, its departments or agencies, or its political subdivisions, the running of the statute of limitations in respect of every right of action arising under sections 325D.49 to 325D.66, and based in whole or in part on any matter complained of in the aforementioned proceeding shall be suspended during the pendency thereof and for one year thereafter. If the running of the statute of limitations is suspended, the action shall be forever barred unless commenced within the greater of either the period of suspension or four years after the date upon which the cause of action arose.

Minn.Stat. § 325D.64. The commencement of criminal proceedings may be by indictment or by first appearance before the court. *State v. Dlugi*, 123 Minn. 392, 143 N.W. 971 (1913). If the present situation is governed by the 3-year general statute of limitations, then the indictments would be barred since the violation allegedly occurred on or about July 23, 1981, and the indictments were handed down on May 31, 1985, 3 years and 10 months later. If the 4-year limitations period applies, then the indictment is not barred.

The key to the present issue is the interpretation of the term "action" in section 325D.64, subdivision 1, for if it refers to both civil and criminal proceedings, then the 4-year statute of limitations applies.

The district court concluded that the intent of the legislature in using the term "actions" was to apply a 4-year statute of limitations to both civil and criminal proceedings under the antitrust act. Recognizing that ambiguities in statutes of limitations must be construed in favor of a defendant, the court, nonetheless, found that there was no need to apply the rule since the term "action" had been clearly defined by the legislature in Minn.Stat. § 645.45:

> The following words and phrases, when used in any law enacted after the effective date of Laws 1941, Chapter 492, Section 45, unless the context clearly in-

dicates otherwise, shall have the meanings ascribed to them in this section:
> \* \* \* \* \* \*
> (2) "Action," any proceeding in any court of this state;
> \* \* \* \* \* \*

The court further noted that the legislature used the terms "action" and "proceeding" interchangeably in section 325D.64, subdivision 2 and explicitly referred to "any *civil* action" in section 325D.63 when it intended to differentiate civil from criminal proceedings. This interpretation, the court found, was consistent with the history and intent of the antitrust act, which was enacted in order to increase the effectiveness of the state antitrust laws by providing both civil and criminal proceedings. The limitations period for civil proceedings was extended from the normal 2 years to 4 years; and, therefore, extending the period for criminal indictments from 3 years to 4 years was clearly in accordance with the general purposes of the act. Finally, the fact that federal antitrust indictments are governed by a general statute of limitations does not affect the interpretation of state law, the court found, since there is no question that federal antitrust statutes of limitations explicitly apply to only civil actions, and the general statute of limitations for indictments is actually longer under federal law than the period allowed for civil proceedings.

The defendants maintain that the 4-year statute of limitations applies only to civil antitrust actions and not to criminal indictments brought under the act. They argue that, under the canons of construction, ambiguities must be interpreted in favor of the criminal defendant; the content of the antitrust act indicates that "action" refers solely to civil actions; the exceptions enumerated in section 628.26 are exclusive; and an exception for criminal antitrust proceedings would create a conflict between the two statutes of limitation. Furthermore, defendants contend that the district court's interpretation renders criminal prosecutions open-ended under section 325D.64, subdivision 2. Finally, defendant

Rochester Sand & Gravel, Inc., maintains that it is charged under section 609.05 (criminal conspiracy and third-party criminal liability) to which the special 4-year limitations period in section 325D.64 is inapplicable.

Under Minn.Stat. § 645.16, this court looks to the plain meaning of a statute when interpreting legislative intent. On its face, the phrase "an action under sections 325D.49 to 325D.66" includes criminal proceedings under section 325D.56. The term "action" is not given a special definition in the antitrust act, but, under the general definition of section 645.45, the term refers to "any proceeding in any court of this state." The general definition applies to all statutes enacted after 1941 which would include the 1971 state antitrust act. In addition, this court has not restricted the term "action" to civil proceedings: "The few Minnesota cases which have attempted a common law definition of 'action' have restricted it to 'the prosecution in a court of justice of some demand or assertion of right by one person against another.'" *Har-Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 152–53, 218 N.W.2d 751, 754 (1974), quoting *Muirhead v. Johnson,* 232 Minn. 408, 412, 46 N.W.2d 502, 505 (1951). The term "person" may include the state. Minn.Stat. § 645.44, subd. 7 (1984). When defining "action" in *Muirhead,* the court also cited *Black's Law Dictionary,* which clearly includes criminal proceedings in the term "action":

> Term in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law. The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, *or the punishment of a public offense.* It includes all the formal proceedings in a court of justice attend-

ant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.

*Black's Law Dictionary* 26 (rev. 5th ed. 1979) (emphasis added) (citation omitted). Furthermore, section 325D.63 explicitly applies to actions encompassed in "sections 325D.49 to 325D.66." If "action" includes criminal proceedings under section 325D.56, subdivision 2, then the 4-year statute of limitations was plainly intended to apply. Under section 645.17(2), this court presumes that the legislature intends that an entire statute be effective and certain. To read section 325D.63, which, on its face, applies to "sections 325D.49 to 325D.66," in such a way as to exclude section 325D.56 would clearly violate this canon of construction.

In further support of the trial court's conclusions, in section 325D.63, a notification statute, the legislature has employed the term "civil action" and has not simply relied on the term "action" in referring to civil proceedings.[3]

The defendants' strongest argument, it seems, is that section 628.26 sets forth an exclusive list of exceptions to the general 3-year statute of limitations for indictments, which does not include indictments under the antitrust law. While the statute does not explicitly state that it is exclusive, subdivision (e) applies, on its face, to "all other cases" than the exceptions listed in subdivisions (a) through (d). Furthermore, defendants argue that, since the section was amended in 1984 (*see* Act of April 25, 1984, ch. 496, § 1, 1984 Minn.Laws 488–89), the canons of construction require that between the two irreconcilable statutes of limitation, the later enacted 3-year statute must prevail over the 1971 4-year antitrust act statute. Minn.Stat. § 645.26, subd. 4 (1984) ("When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law

---

**3.** In addition, the one commentator who has discussed the section has concluded that the 4-year statute of limitations applies to both civil and criminal actions. *See* Note, *Minnesota Antitrust Law of 1971: Interpretation of Analysis,* 63 Minn.L.Rev. 907, 948 (1979).

latest in date of final enactment shall prevail.").

In response, it seems that the term "all other cases" may be read as more a residual clause rather than an expression of the legislature's intent to make subdivisions (a)–(d) exclusive. There are, for instance, other exceptions to section 628.26 not listed within the statute. *See, e.g.,* Minn.Stat. § 609.36, subd. 2 (1984) (adultery prosecutions—1-year limitations period); Minn. Stat. § 290.53, subd. 4 (1984) (income tax fraud—6-year limitations period). Employing the canons of construction, it further appears that section 325D.63, rather than section 628.26, is to be considered a later and controlling provision. The 1984 amendment (and the amendments between 1970–84) did not change subdivision (e) and, therefore, under Minn.Stat. § 645.31, subd. 1 (1984), "the portions of the law which were not altered by the amendment shall be construed as effective from the time of their first enactment * * *." The 4-year statute of limitations in section 325D.63 was enacted in 1971 while the general 3-year statute for indictments dates from 1858. 1858 Pub.St. ch. 105, § 244. Finally, the antitrust act limitations period would appear to be a particular provision concerning criminal actions brought under the antitrust act while section 628.26, subdivision (e) is the general provision for indictments. Under Minn.Stat. § 645.26, subd. 1 (1984), the particular provision would prevail.

Defendant Rochester Sand & Gravel, Inc., separately contends that, since it was indicted under Minn.Stat. § 609.05 (criminal conspiracy and third-party criminal liability), the 3-year limitations period applies. While it seems that section 609.05 would fall under the 3-year limitations period of section 628.26, Rochester Sand & Gravel was also charged under section 325D.56 and, therefore, the indictment is not barred. The record is not complete enough to determine whether the charges against Rochester Sand & Gravel can be sustained only on grounds of conspiracy or third-party criminal liability.

Defendants also argue that to construe section 325D.64, subdivision 1 to include criminal prosecutions would allow open-ended criminal prosecutions due to the tolling provisions in subdivision 2. Under subdivision 2, the statute of limitations is tolled while any proceeding brought by the state is pending plus 1 year. Tolling is allowed in other situations. *See* Minn.Stat. § 628.26; *State v. Lupino,* 268 Minn. 344, 129 N.W.2d 294 (1964), *cert. denied,* 379 U.S. 978, 85 S.Ct. 681, 13 L.Ed.2d 569 (1965) (when defendant is absent from the state). Furthermore, tolling the statute in such circumstances does not defeat the purpose of a statute of limitations, which is to "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970). These factors do not come into consideration where there is an on-going suit for damages or a civil fine brought by the state within 4 years of the alleged violation.

In conclusion, there is no ambiguity in the law. "Action" is clearly defined to include criminal prosecutions. Section 325D.64 clearly states that the 4-year statute of limitations applies to all actions brought under section 325D.49 through 325D.66, and the prosecutions here are brought under section 325D.53. To invalidate the indictments would require this court to ignore both chapters 645 and 325D. It is not the function of the courts to frustrate the clearly expressed will of the legislature. It is the opinion of this court that the indictments were brought within the properly applicable statute of limitations period provided by chapter 325D.64.